(No. 28167.— )
THE TRUST COMPANY OF CHICAGO, Admr., Appellant, *vs.* SUTHERLAND HOTEL COMPANY, Appellee.

*Opinion filed January 17, 1945.*

Samuel A. Rinella, (Joseph Barbara, and Harry G. Fins, of counsel,) all of Chicago, for appellant.

Lord, Bissell & Kadyk, (Fred E. Inbau, of counsel,) both of Chicago, for appellee.

Mr. Justice Murphy delivered the opinion of the court:

The Trust Company of Chicago, administrator of the estate of Florence D. Steven, deceased, started this suit in the superior court of Cook county against the Sutherland Hotel Company, a corporation, to recover damages for the alleged wrongful death of said deceased. The defendant owned a hotel building equipped with a passenger elevator and while deceased was a guest at the hotel, she received injuries on the elevator which caused her death. At the close of all the evidence, the court granted defend-

ant's motion for a directed verdict and judgment was entered thereon. On plaintiff's appeal to the Appellate Court the judgment was affirmed. This court granted plaintiff's petition for leave to appeal.

The building was a residential apartment hotel, seven stories high and contained about 200 apartments. It was located at 4659 Drexel boulevard, Chicago. The elevator was operated by hand controls with an operator in charge. Before the accident, the elevator was standing at the lobby level with the door open. The operator had left the cab and was some distance from it but he was in the hotel lobby.

The deceased, her husband, Thomas Steven, and their 22-months-old son, were guests at the hotel and occupied an apartment on the fourth floor. Just prior to the accident, the deceased and her infant son were in the lobby and the child, while running about the lobby, entered the elevator cab. The evidence does not disclose what the child did, if anything, to the elevator controls, but it started to ascend and the mother ran to the elevator to rescue her child. The elevator was approximately two feet above the lobby floor when she reached it. She was unable to draw herself into the cab but clung to the elevator, part of her body within and a part without. The elevator carried her upward crushing her between the elevator cab and the sill of the floor above. She died in a short time thereafter.

The trial judge's remarks are incorporated into the record and it appears that the court considered two grounds in supporting defendant's motion for a directed verdict. He concluded that plaintiff's intestate was guilty of contributory negligence, as a matter of law, and that there was no evidence that defendant managed and operated the hotel at the time of the accident. The opinion of the Appellate Court shows that it considered the latter ground as a basis for affirmance of the judgment. Both points are

argued on this appeal but our consideration will be limited to the one upon which the Appellate Court rested its judgment.

The hotel building was erected several years ago and at one time was owned by the Sutherland Hotel Building Corporation. In 1935, said corporation floated a bond issue which was followed by a default, foreclosure of the trust deed and a sale. A trustee, acting for the bondholders, purchased the property at the sale and took the title in his name for their benefit. In November, 1937, he conveyed the property to the defendant and it continued to hold the title in its corporate name until some months after the accident, which occurred June 29, 1940. The trustee's deed conveying the property to the defendant was recorded in May, 1938.

The evidence shows that within eleven days after the defendant acquired the title it executed a lease to E. W. Bareuther. The lease contained a provision that it could not be assigned without the consent of defendant, but it appears that, with its consent, Bareuther assigned it to a corporation named 4659 Drexel Corporation. This lease was from January 1, 1938, to December 1, 1942, but before it expired by its terms, and on March 1, 1940, it was terminated by agreement of the parties and a new lease was executed whereby the property was leased to Bareuther for a period of nine years from March 1, 1940. Bareuther assigned the second lease to the Drexel Corporation. The cancellation of the old lease and the making of a new one was occasioned by changes as to maintenance of the exterior of the building and parts inside, none of which are material here. Both leases were offered in evidence but they are not incorporated in the record and evidence of their contents is limited to the conclusions of the witness Sheen, who was secretary of the defendant company.

Two acts of negligence were charged in the complaint. It is alleged that defendant "owned, maintained, operated

and controlled" the building as a hotel known as the Sutherland Hotel, and that it "owned, maintained, operated and controlled" a passenger elevator in the hotel for the benefit of the guests, tenants and invitees of the defendant. The charges of negligence are that defendant failed to equip the elevator with safety appliances to prevent its ascending or descending when the cab door was open and that when the elevator was stopped at the lobby level, defendant's servant negligently left the elevator with the door open and no one in charge of the controls to guard against interference by children of tender years.

The allegations as to the relationship of the defendant company to the "Sutherland Hotel" are those that arise from being the owner of the building and those arising from operating a hotel under that name. It might, as owner, operate a hotel in the building under the name "Sutherland Hotel" or it might lease the building and the lessee operate under that name. If the hotel business was operated by a lessee as the "Sutherland Hotel" and the only relation of defendant to the business was that of a lessor, then it would not be liable for the negligent acts of its lessee. It is settled that, for certain defects in leased premises, the law fixes a liability upon a lessor for damages caused by such defects. However, it cannot be termed a general liability nor one that can be extended to include damages caused by the negligent acts of the lessee. The allegation of negligence as to the lack of automatic controls to prevent the elevator from ascending or descending when the door was open might, under proper pleadings supported by proof, be the act of the owner of the building as lessor, but plaintiff has drawn its pleading on the theory that defendant was operating the hotel under the name of Sutherland Hotel. It is alleged that it maintained the hotel for the use of its guests and tenants. Plaintiff's cause is to be judged by the case made by its pleadings and, therefore, any questions of liability that might have been raised

against defendant as owner-lessor cannot be considered. It follows that the allegations of the complaint must be construed as stating a cause of action against defendant as manager and operator of the hotel. Defendant's answer admitted its corporate existence but denied all allegations of ownership, operation and control of the hotel business and of the elevator used in connection therewith. Each charge of negligence was specifically denied.

Plaintiff contends that the defendant held itself out as the actual owner and operator of the hotel, using the name "Sutherland Hotel." The evidence offered to support such theory is that from 1937 to and including 1941, signs on the exterior of the building carried the name of "Sutherland Hotel." At times during the same period, rent receipts were issued by the hotel management to its guests, which carried the heading "Sutherland Hotel."

A corporation can only act through its officers, agents or servants and if a question is raised as to whether a certain act was the act of the corporation, it must be traced to such corporation through its servants, agents or officers. There is no evidence indicating who adopted the name "Sutherland Hotel" or caused it to be carried on the exterior of the building, nor is there any evidence to prove who adopted the title for the heads of the rent receipts, nor is there any evidence showing that the one who signed the receipts was acting for the defendant. Four of the five rent receipts issued purported to have been signed by E. Kafkie, and the fifth was signed by one Handelman, but there is no evidence which tends to place either of them in such a relationship to the defendant that it could be said they were its employees, servants or agents. The mere similarity in the corporate name of defendant to the name under which the hotel was operated does not prove that defendant was operating the hotel. It is common knowledge that the names by which hotels are known to

the public are often those of an individual who has no interest in the management of the business or the ownership of the building. The lessee, Bareuther, was a director in the Sutherland Hotel Company, but there is nothing that arises out of such a relationship which tends to show that he was acting for and on behalf of the Sutherland Hotel Company.

E. Kafkie, who signed the receipts referred to, was the clerk of the hotel. The summons issued in this cause shows that it was served on the defendant by leaving a copy with E. Kafkie, agent of said corporation. Following the service of said summons, defendant appeared and filed an answer to the complaint. It is claimed that these facts show Kafkie was the agent of the defendant and that by filing the answer in response to the summons, it adopted the officer's return that Kafkie was its agent. The statement in the sheriff's return, that Kafkie was the agent of the corporation, cannot be accepted as proof of the agency, (*Lewis* v. *West Side Trust and Savings Bank,* 377 Ill. 384,) nor can it be said that the fact defendant filed an answer was an acceptance of the statement in the sheriff's return that Kafkie was its agent or that such act constituted an admission to that effect.

Plaintiff relies upon cases such as *Burke* v. *Piper's Super Service Station,* 312 Ill. App. 656, *Cornwell* v. *Leiter Building Stores, Inc.,* 259 Ill. App. 460, and others, where defendant was held liable on the theory that it held itself out as one engaged in maintaining and operating the business in the course of which the negligence arose. Such a liability is sustained only when there is proof that there was such a holding out. As pointed out, such proof is lacking in this case.

Plaintiff points out that the lease and the assignment were not recorded and evidence was introduced to show that some of the tenants residing in the hotel had not re-

ceived notice that defendant had leased the building. The evidence is that defendant never operated the hotel at any time and, since the tenants elected to deal with the management in charge, there was no necessity for the defendant giving the guests of the hotel notice of a change in the management, especially where the change was made under the circumstances shown. The lessee or his assignee were in possession of the property and that furnished notice to everyone dealing with it.

Plaintiff contends the arrangement by which the property was turned over to Bareuther by defendant and the subsequent assignment constituted defendant an agent or partner in the operation of the hotel. As stated, the leases are not in the record but it appears from the evidence of the secretary of the defendant that the defendant was to receive a stated monthly rental of $2000 and was to share in the gross receipts that were received above a certain amount. The effect of such evidence proves a leasing of the property for a fixed minimum rental with a possibility of sharing in the gross income above a fixed amount and in noway establishes a relationship of principal and agent or partnership.

We have applied the rule which requires the court, in reviewing a judgment entered on a directed verdict, to give plaintiff the benefit of every inference that may be reasonably drawn from the evidence to support plaintiff's cause of action, but we find that such evidence is lacking and that the trial court did not err in allowing the motion for a directed verdict.

The judgment of the Appellate Court, affirming the judgment of the superior court, is correct and is affirmed.

*Judgment affirmed.*