Amelia Mahler and Ida M. Yondorf, Sole Surviving Trustees Under Last Will and Testament of Leopold Mayer, Deceased, Appellants, v. Leon Segel and Stanley Kolodziej, Appellees.

Gen. No. 44,243.

Opinion
filed January 5, 1948. Released for publication January 27, 1948.

WOLFF, KEANE & GOMBERG, of Chicago, for appellants; ALLAN I. WOLFF, JR., of Chicago, of counsel.

SAMUEL H. HOLLAND, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This is an appeal by plaintiffs from an order of the circuit court of Cook county, quashing the return of the sheriff of service of summons upon the defendant, Stanley Kolodziej. The complaint was filed March 22, 1947. Summons issued on the same day, and on April 5, the sheriff made the following return of service as to defendant Stanley Kolodziej: "I certify that I served the within writ on the defendant Stanley Kolodziej by leaving a copy of the same at his usual place of abode in my county, with Helen Kolodziej (daughter) a person of his family of the age of ten years or upwards and informing such person of the contents thereof, on the 5th day of April, 1947 and also by sending through the United States Post Office, on the 5th day of April, 1947, a copy of the within writ in a sealed envelope with postage fully prepaid addressed to the said defendant at such usual place of abode."

Section 13 of the Practice Act, ch. 110, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 104.013], with respect to service of process on individuals, provides:

"Except as otherwise expressly provided herein, service of summons upon an individual defendant in any

civil action shall be made (1) by leaving a copy thereof with the defendant personally or (2) by leaving such copy at his usual place of abode, with some person of the family, of the age of ten years or upwards, and informing such person of the contents thereof, provided that the officer making such service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at such usual place of abode, the certificate of such officer that he has sent such copy in pursuance of this section shall be evidence that he has done so.''

The defendant Kolodziej appeared specially and made a motion to quash the sheriff's return of service. In support of his motion he filed his sworn affidavit, in which he alleges that on or about October 1946, he permanently removed from Cook county, Illinois; is now a resident of the State of Arizona, City of Phoenix, where he has acquired a home at 1601 West Van Buren street, where he resides with his family; has established and is now engaged in business in that State; does not expect to return to Chicago, Illinois; that he has been informed that a summons was served in this cause at his former residence in Chicago, now occupied by his daughter, Helen Skibicki (it is not disputed that she is one and the same person as Helen Kolodziej); that he has never authorized his daughter, or any other person to accept any summons or other legal document for him; and that he is not a resident of Cook county, Illinois, nor subject to the jurisdiction of the court in this cause.

Plaintiffs filed a reply to the motion, in which they allege that they lack sufficient knowledge and information to form a belief as to the allegations set forth in said motion to quash and in defendant's affidavit in support thereof and, therefore, neither admit nor deny same but demand strict proof thereof.

The court on June 24, 1947, struck this reply, and the motion to quash the service was sustained and the

service quashed.  On July 1, 1947, plaintiffs moved to vacate the order on June 24, 1947, and for leave to file instanter an amended reply supported by affidavits. The court heard plaintiffs' motion and considered the affidavits filed with the motion to vacate the order of June 24.  It appears from the affidavit of plaintiff Yondorf that she examined the March 1947, Chicago telephone directory and on page 958 thereof found a listing as follows:  "Kolodziej, Stanley, 5500 North Bernard Street, Juniper 2742," and she is informed that the name Stanley Kolodziej appears upon a United States mail box located in the vestibule of the building known as 3436 West Catalpa street, which building is sometimes known as 5500 North Bernard street, Chicago.  It is undisputed that the building mentioned is the one at which the daughter of defendant lived and where the summons in question was delivered.  It appears from the affidavit of Jeanne C. Berman that she is employed by the firm of attorneys for plaintiffs; that pursuant to instructions she examined the directory of the Chicago telephone subscribers and there found listed the same listing already mentioned; that she telephoned that number and was informed that defendant was not at home, had gone to Arizona in the fall of 1946 to spend the winter, and was not expected in Chicago for several months; and that the person answering the call did not state that defendant had permanently moved from Chicago or had then established his home in Arizona.  It does not appear from this affidavit that the person answering was asked whether defendant had permanently moved or had then established his home in Arizona, which could account for the person saying nothing about it.  There is nothing in this affidavit to identify the person to whom she was speaking nor that the person speaking to her had identified himself.  The affidavit of Myron Gomberg discloses that on May 26, 1947, he examined the individual mail boxes located in the vestibule of the building re-

ferred to and there found a mail box bearing three names, as follows: "F. W. Skibicki, H. E. Kole, S. Kolodziej."

After considering the motion to vacate the order of June 24, the court overruled the motion.

The affidavit of defendant clearly discloses that he was a permanent resident of Phoenix, Arizona, at the time of the alleged service of the summons, living there with his family, established in business, and not expecting to return to Chicago.

If the counter-affidavits do not rebut the alleged fact that the place of service of summons was not the "usual place of abode.of the defendant," then the affidavit of defendant is sufficient to impeach the return of the sheriff, and the ruling of the court quashing the return was correct. Where the question to be determined is whether it is the defendant's "usual place of abode," the return of the sheriff upon such an issue cannot be accepted as proof of the fact. *Trust Co. v. Sutherland Hotel Co.*, 389 Ill. 67, 73; *Lewis v. West Side Trust & Savings Bank*, 377 Ill. 384, 386.

We do not regard the statements in the supporting affidavits offered by plaintiffs as raising any issue of fact. The mere reference in those affidavits to the listing of the name on the mail box, which presumably existed before defendant moved to Arizona, or the failure to remove the listing in the telephone book or mail box, is not sufficient to meet the positive statement of facts in the affidavit of defendant.

The ruling of the circuit court was correct, and the order is affirmed.

*Affirmed.*

NIEMEYER, P. J., and O'CONNOR, J., concur.