Irving G. Zazove and David R. Mandell, Appellees, v. Eugene C. Wilson and Frederic E. Johnson, Appellants.

Gen. No. 44,433.

Opinion filed June 7, 1948.  Opinion modified and rehearing denied June 21, 1948.  Released for publication June 23, 1948.

ECKERT & PETERSON, of Chicago, for appellants; A. R. PETERSON, HAROLD W. HUFF and JOHN R. ROGERS, all of Chicago, of counsel.

596

Irving G. Zazove and David R. Mandell, *pro se*.

Mr. Justice Niemeyer delivered the opinion of the court.

Defendant Wilson's petition for rehearing is denied and the former opinion as modified is filed as the opinion of the court.

Defendants appeal from a judgment for $1,350 entered against them on petitioners' application for an attorneys' lien.

Petitioners, attorneys at law practicing in Cook county, were employed by Marilyn Pein on a contingent fee of 50 per cent of the amount recovered by or paid to her in settlement of her claim against defendant Wilson, the owner of the automobile, and defendant Johnson, the driver of the automobile, for injuries sustained when struck by the automobile on February 11, 1946 on Lake street in Melrose Park, Cook county, Illinois. On March 19, 1946, notice of petitioners' employment was served upon the defendants by registered mail sent to their addresses in Rockford, Illinois. At the time of the alleged injury and thereafter, defendant Wilson was insured against liability arising out of the operation of his automobile by the American Automobile Insurance Company. This company, acting under the Wilson policy after notice of petitioners' employment as attorneys, effected a settlement with Miss Pein, paying her $2,700 and taking back a release of Wilson and Johnson from any and all liability arising out of the alleged injury to Miss Pein. Petitioners then filed their petition to enforce their attorneys' lien, serving a copy thereof on defendant Wilson and attempting to procure service on Johnson by leaving a copy of the notice with his mother at her residence in Rockford, Illinois. Defendant Wilson, by the attorneys for the insurance company, entered a

general appearance and a jury demand, and he and defendant Johnson were ruled to answer the petition within 20 days. Johnson defaulted. Wilson answered the petition. A hearing was had in which it was shown that a settlement was made with Miss Pein by the insurance company in fulfillment of its obligation under its policy, and a release taken covering the liability of Wilson and Johnson; that notice of this settlement was given Wilson by the insurance broker in Rockford through whom he had procured the policy. On this hearing counsel for Wilson stated to the court that on filing Wilson's appearance and demand for a jury, counsel moved to dismiss the action against Wilson because this action could not be prosecuted in Cook county. There is, however, nothing in the record by way of written motion, transcript of proceedings or otherwise to indicate that such objection was in fact made. Objection to the venue raised on appeal must be disregarded. Petitioners' claim was based on their right to an attorneys' lien and defendants were not entitled to a jury trial. *Standidge v. Chicago Rys. Co.*, 254 Ill. 524. The record shows that Wilson was advised of the settlement and there is no evidence of his repudiation of it or of the benefits of the release procured by the company. The settlement made on his behalf is binding on him and the judgment against him is affirmed.

The attempted service on Johnson was made by the sheriff of Winnebago county, in which Rockford is situated. It recites service upon Johnson "by leaving a true copy thereof for him at his usual place of abode with Mrs. Roy Johnson, his mother, a person of the age of ten years and upward, and a member of the family of the within named Frederic E. Johnson" etc. This met the requirements of the statute (sec. 13, Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 137; Jones Ill. Stats. Ann. 104.013]). The

attorneys for the insurance company, appearing specially for Johnson to contest the jurisdiction of the court and for no other purpose, moved to quash the service of the notice and petition "on the ground that said Notice and Petition were not served upon Frederic E. Johnson personally, at his usual place of abode, or upon any member of his family," and in support thereof filed the affidavit of Mrs. Roy H. Johnson, who stated that 702 Fifth avenue, Rockford, Illinois was her usual place of abode on September 21, 1946; that on that date she was served with a copy of notice and petition in the cause, and "that Frederic E. Johnson does not reside at 702 Fifth avenue, Rockford, Illinois, did not so reside on September 21, 1946; that said address is not his usual place of abode and that said Frederic E. Johnson is not a member of her family or household, nor is she a member of the family or household of said Frederic E. Johnson. That said Frederic E. Johnson has been a member of the United States Armed Forces for several years past, and is presently stationed in Washington, D. C., or Germany." In opposition to this motion petitioners filed the affidavit of Irving G. Zazove, one of the petitioners, stating that "said Mrs. Roy H. Johnson is the mother of the said Frederic E. Johnson and is a member of the family of Frederic E. Johnson." No denial was made of defendant's claim that Frederic E. Johnson did not reside at the residence and usual place of abode of his mother and that at the time of the alleged service he was in the Army and stationed in Washington or in Germany. The burden rested upon the petitioners to establish the facts essential to valid service, denied in the affidavit supporting defendant Johnson's motion to quash the service. The statements in the sheriff's return as to Johnson's usual place of residence and being a member of the family of Mrs. Johnson, are conclusions of fact and not evi-

dence. *Mahler v. Segel,* 333 Ill. App. 138. Petitioners having failed to show by competent evidence that Johnson did in fact reside at the home of his mother, the court erred in overruling the motion to quash. The judgment as to Johnson is reversed.

*Judgment against Wilson is affirmed.*
*Judgment against Johnson is reversed.*

FEINBERG, P. J., concurs.