Lester S. Abelson et al., Trading as Stuart and Williams, a Copartnership, Appellees, v. Steffke Freight Company, Appellant.

Gen. No. 46,145.

Opinion filed March 8, 1954. Rehearing denied March 22, 1954. Released for publication March 24, 1954.

■■■■■■

■■■■■■

CHARLES G. MARTIN, of Chicago, for appellant.

D'ANCONA, PFLAUM, WYATT & RISKIND, of Chicago, for appellee; EDGAR BERNHARD, of Chicago, of counsel.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Defendant appeals from an order overruling and denying its motion to vacate a default judgment and to dismiss the garnishment proceeding instituted on the judgment.

Plaintiff brought suit alleging the wrongful delivery of a shipment of merchandise by defendant, a motor-freight carrier, without collecting a sight draft for $1,492. Service was had on defendant, as shown by the sworn return of the bailiff of the court, "by leaving a copy thereof . . . with John Doe-Agent who refused to give true name of said defendant found in the City of Chicago." Judgment by default for $1,492 was entered October 22, 1951; an execution, issued January 18, 1952, was returned April 18, 1952 no property found and no part satisfied, demand having been made February 14, 1952 by delivering a copy of the execution to "John Doe-Agent, who refused to give true name of said corporation." A garnishment suit on the judgment was started August 29, 1952 and service had on the garnishee. Its time to answer was extended ten days from September 12, 1952. Before the expiration of this period defendant filed its sworn petition, and later a sworn amendment to the petition, in which it alleged that at the time of the entry of the judgment it had no notice or knowledge of the pendency of plaintiff's suit; that Stanley Steffke was the registered agent of defendant, and at all times on the dates of the purported service of the summons and execution was located and to be found at 3260 S. Damen Avenue, the office of de-

fendant in Chicago; that neither the summons nor execution was served upon an officer, the registered agent of defendant, or any other agent.

A defense to plaintiff's suit is stated in the petition. Defendant asked that the judgment by default be vacated and opened up; that the garnishment suit be dismissed; that the petition and amendment thereto stand as defendant's affidavit of defense and that the cause be set for trial. Plaintiff's answer to the petition sets up no facts relating to the alleged service of the summons or execution. It asserts that the petition should be dismissed because the allegations as to the want of service are conclusions without a statement of facts to support them; that defendant has not shown diligence, and that on the 31st day after the entry of the judgment defendant was notified that the judgment had been entered. Without hearing any evidence the court entered the orders appealed from. It apparently adopted plaintiff's position in this court that after 30 days from the entry of the judgment the return on the summons is conclusive as between the parties.

We consider defendant's petition sufficient to entitle it to a full hearing on the merits as to whether the summons and execution were in fact served on its agent. The cases cited by plaintiff as to the conclusiveness of the return of service of process between the parties are not applicable to the facts presented on this record. The general rule is stated in 42 Am. Jur., Process, sec. 129, as follows:

"The rule that the officer's return of process is conclusive as to parties and privies does not apply to statements or recitals or facts or matters which need not be returned, or to those which are not presumptively within the personal knowledge of the officer, but upon which he must act from information obtained from others, and hence about which he was liable to be misinformed,

such facts, for instance, as where 'the usual place of residence' of the defendant is located, or whether the defendant was agent for a corporation."

This rule was adopted in Illinois as early as 1859 in *Mineral Point Railroad Co. v. Keep,* 22 Ill. 9. Keep brought an action of debt on two contracts, and for warrants drawn upon the treasurer of defendant; he also filed the common counts; service of summons was had by leaving a copy with J. R. Booth, agent, and J. W. Dexter, conductor of defendant, "the President of said company not residing in the State." Attachment was sued out in aid and levied upon locomotives, railroad cars, a lathe and shop of defendant, and a copy of the attachment writ left with Booth as agent of defendant. A plea in abatement to the affidavit and writ of attachment was filed. A demurrer to the plea was sustained. Defendant then moved to set aside the sheriff's return on the summons, supporting its motion by affidavits of Dexter, Booth and Johnson that Dexter and Booth were not and had not ever been agents, conductors, or in any way employees of the company. The court ruled that the testimony was inadmissible because the return could not be contradicted. On review on writ of error the Supreme Court, speaking through MR. JUSTICE BREESE, said (p. 16):

"We are not inclined to think the return of the officer, as to the fact of agency, when a corporation is sued, should be conclusive. Great injustice and ruin to incorporated companies might be the consequence, had the officer the undisputed power to select any person he might choose, as the agent of a company sued, and serve the process upon him. That he was the agent must be held to be a fact open to the country. An officer's return is not conclusive of all the facts stated in it, as where he returns upon a *fi. fa.,* 'money made and paid to the plaintiff,' the payment is a fact which

may be contested. So in this case, the fact that J. R. Booth was the agent and Dexter the conductor, is not conclusively established by the return; it can be contested. . . . When a party sues an incorporated company whose president and whose place of doing business is out of the county where suit is brought, and causes his process to be served on one whom he chooses to consider the agent of the company, it is no hardship to require him to prove such person was the agent."

This rule has never been departed from. In *Mahler v. Segel,* 333 Ill. App. 138, this court held that a return is not proof that the place of service was the "usual place of defendant's abode," citing with other cases, *Trust Co. of Chicago v. Sutherland Hotel Co.,* 389 Ill. 67, 73, wherein the court said: "The statement in the sheriff's return, that Kafkie was the agent of the corporation, cannot be accepted as proof of the agency." In *Cannon v. Time, Inc.* (C. C. A. 4th Cir.), 115 F.2d 423, the contention that the sheriff's return of service on the agent of a corporation could not be attacked, was disposed of by MR. JUSTICE PARKER in the following language:

"Little need be said as to plaintiff's contention that the officer's return is conclusive. The statement in the return, that the person served was an agent of the defendants, was nothing more than the officer's conclusion; and the contention, that the court is bound by such conclusion on a motion to quash the return, is so manifestly unsound as not to warrant discussion. See *Earle v. McVeigh,* 91 U. S. 503, 23 L. Ed. 398; *Tignor v. Balfour & Co., supra; Bank of Bristol v. Ashworth,* 122 Va. 170, 99 S. E. 469. Many troublesome jurisdictional questions could be solved very easily if the return of the process officer were accepted as conclusive. The courts, however, may not thus abdicate the judicial function to the server of process."

This court in *In re Estate of Young,* 346 Ill. App. 257, 270 (affirmed in 414 Ill. 525, 536), held that parol evidence is admissible, on motion to vacate a judgment for want of notice and opportunity to be heard made more than 30 days after the entry of the judgment. If, as defendant contends, service was not had on a proper agent of the corporation, the judgment entered herein was void. Defendant was not bound to take notice of it or move to set it aside until steps were taken to enforce it. Plaintiff's answer to the petition shows that it refrained from giving notice of the judgment until 31 days after its entry, at a time when, according to plaintiff's contention, no steps could be taken to set it aside.

The orders appealed from are reversed. The cause is remanded with directions to hear evidence as to the service of the summons, and for such other action as may be necessary or desirable in conformity with this opinion.

*Reversed and remanded with directions.*

FRIEND and BURKE, JJ., concur.