106 So.2d 195 (1958)
Isabel Strong McINTOSH, Appellant,
v.
John Ross WIBBELER, Appellee.
No. 29301.
Supreme Court of Florida.
July 9, 1958.
On Rehearing November 12, 1958.
J.B. Patterson, Fort Lauderdale, for appellant.
Aldo Garcia, North Miami, for appellee.
DREW, Justice.
Upon motion to vacate the default judgment entered against appellant and her codefendants in this cause, the court below was called upon to determine the truth and validity of the sheriff's return showing personal service upon all defendants. There is some confusion in the evidence as to the parties' actual knowledge or notice of portions of the proceedings, and the default judgment apparently came about through an error in referring the matter to insurance carriers.
On the primary issue, however, the evidence is brief. The deputy making service testified "I don't remember making service *196 on anybody," and at another point "I know I made service at Idlewild [home of appellant's son and co-defendant]," but he had no such recollection as to appellant's residence. Defendants denied unequivocally any personal receipt of the original complaint and attached summons, and the court ultimately found for appellant's son and co-defendant and vacated the default judgment entered against him "because * * * he was not in nor was his father Gregory Strong McIntosh within the County of Broward, State of Florida at said time."
The latter finding necessarily impeached the validity of the return as to these parties and determined its falsity. The return certifying service upon appellant appeared upon the reverse side of the same summons as the patently false return as to her son, and indicated that service was made upon her at the same time on the same date as service upon the son, at residences considerably removed from each other.
The deputy, in his testimony above quoted, was clearly unable to support the returns, or either of them, by any personal recollection of service, although less than six months' time elapsed before the hearing on the issue. The view of the court below in respect to this factor was "I don't think any of us remember very much about things that we don't attach significance to, and I think that would explain Mr. Rogers' testimony, not that he so much attached any particular importance to any service, but the repetition of things dulls one's recollection of each step unless there is something unusual about it." The court thus excused the inherent weakness and discrediting effect of the officer's testimony because of the human tendency to forget matters one regards as insignificant or repetitious, and simultaneously disregarded appellant's explicit denial of personal service because "her testimony convinces me that she didn't think it was important" and although "I have no reason to think that anybody here has told anything falsely intentionally or unintentionally * * * the very confusion over what papers mean and their significance * * * carries with it the necessary implication that accurate recollection about precisely what happened may be just as faulty as one's present or past ability to distinguish between one kind of paper and another." This reasoning, however, attaches undue importance to a deponent's ability to comprehend the refinements of legal processes, when the real issue was as to the fact of personal service or delivery, which the most untutored mind should be capable of understanding and expected to recollect as any ordinary act or fact.
Conceding that the burden in this proceeding is upon appellant to substantiate her claim that the return was false, and upon the trial court to weigh and resolve any conflicts in evidence, we are nevertheless of the opinion that the return should not be sustained. Barnes v. Willis, 65 Fla. 363, 61 So. 828; Golden Gate Development Co. v. Ritchie, 140 Fla. 103, 191 So. 202. In the particular factual situation, i.e. appellant residing alone with a servant and without any member of her family in the household, service in this case could have been effected only by delivery to her in person, and the return in fact so certified. F.S. § 47.13, F.S.A. If we accept the court's conclusion that the evidence established the falsity of the officer's certificate in one instance, then it logically follows that in the absence of distinguishing circumstances the force and effect of the certificate on the companion return has likewise been overcome.
A consideration of all the circumstances, including the negative aspects of the deputy's testimony, the lack of any corroborating notes or records in connection with the service, the necessary imputation of his credibility in general and the credibility in particular of his official certificate as to acts performed at the time in question by virtue of the clear impeachment of the certificate on the companion return, together with appellant's own testimony, necessarily leads to the conclusion that the return as to her was subject to the *197 same infirmities as that with respect to her co-defendants. Any other result would place an inordinate burden upon a party seeking to prove non-performance of an official act peculiarly within the knowledge of the public officer, a burden which is not warranted by the rule of the cases on the point. Lampton-Reid Co. v. Allen, 177 Miss. 698, 171 So. 780; Plummer v. Rosenthal, 178 Md. 149, 12 A.2d 530; Zazove v. Wilson, 334 Ill. App. 594, 80 N.E.2d 101. Cf. Howard v. Drinkard, 261 Ala. 555, 74 So.2d 704.
It is axiomatic that where there is no service of process sufficient to sustain the jurisdiction of the court, mere negligence or lack of due diligence (even if such is assumed in the instant case) on the part of a party at a later stage of the proceedings cannot correct the fault, nor can lapse of the appeal period validate a judgment in these circumstances.
This conclusion does not, of course, appear to us to be a dubious one, but even if it was a close question and there was a possibility of error (as there often is) we would prefer to err on the side of justice  and justice in this case would be to set aside this very substantial judgment and allow a jury to pass on the matter in an adversary proceeding.
The order appealed from is accordingly reversed and the cause remanded with directions that the motion filed by appellant be granted and the judgment against her vacated and set aside.
HOBSON and THORNAL, JJ., and WILLIS, Circuit Judge, concur.
TERRELL, C.J., and THOMAS and ROBERTS, JJ., dissent.
ROBERTS, Justice (dissenting).
We here review an order refusing to vacate and set aside a final judgment based upon a default previously entered against the defendant, Mrs. McIntosh. The ground of her motion to vacate was that she had not been personally served with process and that the return of the deputy sheriff showing personal service upon her was false. The trial judge heard the evidence on this factual issue, resolved the conflicts therein against her contention, and declined to set the judgment aside.
The testimony was confusing and conflicting among the various witnesses, and even as to that of the defendant herself, as to the circumstances under which she received notice of the suit pending against her. This being so, and remembering that the burden was upon the defendant to prove by competent substantial evidence her claim that the return showing personal service upon her was false, I find no basis for overturning the order of the trial judge here reviewed.
Accordingly, the order here reviewed should be sustained and I therefore respectfully dissent.
TERRELL, C.J., and THOMAS, J., concur.

On Rehearing.
PER CURIAM.
A rehearing having been granted in the above cause and the case having been further considered upon the record and briefs and argument of attorneys for the respective parties, it is ordered and adjudged by the Court that the opinion of this Court filed July 9, 1958, in said cause, be and the same is hereby adhered to on rehearing.
HOBSON, DREW and THORNAL, JJ., and WILLIS, Circuit Judge, concur.
TERRELL, C.J., and THOMAS and ROBERTS, JJ., dissent from adherence for the reasons stated in the original dissenting opinion of ROBERTS, J.