William T. Mordecia, Irene Beukema, and Mary Mordecia, Appellants, v. Anthony and Anna Michicich, d/b/a Adriatic Restaurant, Appellees.

Gen. No. 48,979.

First District, Second Division.

December 30, 1963.

B. John Mix, Jr., James G. Donegan, and David Linn, all of Chicago, for appellants.

Louis Jaffe, of Chicago (Donald S. Jaffee, of counsel), for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court:

Plaintiffs William T. Mordecia, Irene Beukema, and Mary Mordecia appeal from an order of the Municipal Court vacating three judgments in their favor against Anthony Michicich, one of the defendants.

Plaintiffs had brought suit to recover damages sustained on February 17, 1961, when they ate allegedly contaminated food at Adriatic Restaurant, owned by Anthony Michicich and his wife Anna Michicich. The statement of claim was filed on May 5, 1961, and subsequently a summons and three alias summons were issued and placed with the bailiff of the Municipal Court for service. In each instance the summons and aliases were returned "not found" by a deputy bailiff.

On December 6, 1961, counsel for plaintiffs appeared in the Municipal Court and moved for the appointment of a special deputy for the service of summons. Floyd Crouch, a deputy sheriff employed by the sheriff of Cook County, was appointed. His return, under oath, on the face of the summons, showed personal service of summons and statement of claim on Anthony and Anna Michicich, January 4, 1962, in their restaurant, 1752 West 63rd Street, Chicago, Illinois.

No appearance or answer was filed on behalf of defendants, and on April 12, 1962, default judgments were entered against Anthony Michicich and in favor of William T. Mordecia in the amount of $2,500, and in favor of Irene Beukema and Mary Mordecia in the amount of $1,000 each, making an aggregate sum of $4,500.

On June 21, 1962, a petition was filed on behalf of Anthony Michicich (signed and verified by his wife), setting forth alleged nonservice of summons and a meritorious defense to the statement of claim. At the hearing to vacate the judgments, Anthony Michicich did not appear or testify in person nor did he offer any deposition. On June 29, 1962, the trial judge

239

quashed service of summons and vacated the judgments of April 12, 1962. Plaintiffs appeal, and request that the order of June 29, 1962 vacating the three judgments be reversed and that the original default judgments be restored.

■ The law is well settled in Illinois that in order to overcome a sheriff's return of summons, it is incumbent upon the person allegedly served to produce clear and convincing evidence that he was not served. We so held in Pyle v. Groth, 15 Ill App2d 361, 366, 146 NE2d 219 (1957), saying:

> "The rule is well settled in this State that the sheriff's return on a summons is prima facie proof of service and can be overcome only by clear and convincing proof. [Citations omitted.] . . . Where the legality of the acts of a public officer are brought collaterally into question, he will be presumed to have done his duty. Hogue v. Corbit, 156 Ill 540. ' "A sound public policy, the security of litigants and the stability of legal proceedings demand that the return of the sworn officer shall not be set aside or impeached except upon satisfactory evidence. . . ." Kochman v. O'Neill, 202 Ill 110.' . . ."

To the same effect are Stasel v. American Home Security Corp., 362 Ill 350, 199 NE 798 (1936), and Mandel v. Jackman, 16 Ill App2d 478, 148 NE2d 825 (1958). The rationale of these decisions is aptly stated in the early case of Davis v. Dresback, 81 Ill 393 (1876).

But defendants argue that the special deputy who served process in this case was a private person with no official duty, without the sanction of an official oath, and without bond, and who was hired by plaintiffs.

After the deputy bailiff of the Municipal Court had made four successive efforts to obtain service on defendants and failed, plaintiffs moved the Municipal Court "to appoint a special deputy for the service of summons in this case, Floyd Crouch." No formal order was entered on this motion, but the half sheet in the Municipal Court clerk's office shows the following notation: "MOTION PLAINTIFF FLOYD CROUCH APPOINTED SPECIAL DEPUTY TO MAKE SERVICE OF PROCESS." Crouch, who had thus been specially deputized to serve process on defendants, was and had been a deputy sheriff of Cook County for the past eleven years. His duties were to serve summons, writs, and the like, and his qualifications are not questioned.

With respect to the problem here at issue the Civil Practice Act provides as follows (Ill Rev Stats 1961, c 110, § 13.1):

"13.1 § 13.1 Persons authorized to serve writs —Place of service—Failure to make return. (1) Writs shall be served by a sheriff, or if he is disqualified, by a coroner of some county of the State. The court may, in its discretion upon motion, order service to be made by a private person over 21 years of age and not a party to the action. It is not necessary that service be made by a sheriff or coroner of the county in which service is made. If served or sought to be served by a sheriff or coroner, he shall endorse his return thereon, and if by a private person the return shall be by affidavit.

"(2) Summons may be served upon the defendants wherever they may be found in the State, by any person authorized to serve writs. An officer may serve writs of summons in his official capacity outside his county, but fees for mileage

outside the county of the officer cannot be taxed as costs. The person serving the writ in a foreign county may make return by mail.

"(3)  If any sheriff, coroner, or other person to whom any process is delivered, neglects or refuses to make return of the same, the plaintiff may petition the court to enter a rule requiring the sheriff, coroner, or other person, to make return of the process on a day to be fixed by the court, or to show cause on that day why he should not be attached for contempt of the court. The plaintiff shall thereupon cause a written notice of the rule to be served on the sheriff, coroner, or other person. If good and sufficient cause be not shown to excuse the officer or other person, the court shall adjudge him guilty of a contempt, and shall proceed to punish him as in other cases of contempt. Added by act approved July 19, 1955. L 1955, p 2238."

Section 13.1 of Rule 1 of the Civil Practice Rules of the Municipal Court is substantially the same as section 13.1 of the Civil Practice Act, but in sub-paragraph (1) of the Municipal Court rule it is provided that if a "bailiff" of the Municipal Court of Chicago cannot serve process, service may be made by the sheriff or coroner of Cook County. If a sheriff or a coroner were to be considered a private person, it seems to us that the statute and the Municipal Court rule would not have made specific references to those officers as distinct from a private person; the provisions, however, differentiate explicitly between a sheriff or a coroner on the one hand and a private person on the other. These provisions contemplate two kinds of service: (1) by a sheriff or, if he is disqualified, by a coroner of some county of the state; and (2) by a private person "over 21 years of age and not a party to the action," appointed by the court in

242

its discretion upon motion. Sub-paragraph (1) of section 13.1 of both the statute and the rule concludes with the provision that "if [a writ or summons is] served or sought to be served by a sheriff or coroner, he shall endorse his return thereon [on the summons], and if by a private person the return shall be by affidavit." In the instant proceeding Crouch made his return under oath on the back of the summons, as the statute and the rule contemplate. It should be noted that plaintiffs did not ask for the appointment of "a private person" but of a special deputy. If a private person had been requested plaintiffs would have had to invoke the provisions of the statute or rule of the Municipal Court and request that someone "over 21 years of age and not a party to the action" be appointed, and the order or notation on the half sheet would have had to correspond to the type of appointment requested and granted; in other words, plaintiffs moved that Crouch be specially deputized, not as a private person but as a special deputy, to serve summons, and the court so ordered. To characterize him as a private person ignores his training and position as a deputy sheriff, and his appointment as a special deputy by the court to whom he became accountable, as indicated by sub-paragraph (3) of the statute and rule which provides that "if any bailiff [there is no reference to a bailiff in the statutory provision], sheriff, coroner, or *other person* to whom any process is delivered, neglects or refuses to make return," the court may cite him on a rule to show cause and punish him for contempt. (Italics ours.) This clearly indicates that, pursuant to his appointment, Crouch became an officer of the court. We perceive no valid reason why the return under oath by an experienced deputy sheriff thus appointed is not entitled to the same presumption as that of a deputy bailiff. Furthermore, sub-paragraph (2) of section 13.1 of the

243

statute and rule, as hereinbefore quoted, provides that "an officer may serve writs of summons in his official capacity outside his county. . . ." If he may do that, why should not a sheriff within the county serve summons on a party to a suit in the Municipal Court and within the county, and his return under oath be accorded the same presumption as that of a deputy bailiff?

None of the parties cites cases pertinent to the question at issue, but we find that in Lewis v. West Side Trust & Savings Bank, 286 Ill App 130, 2 NE2d 976 (1936), defendant questioned the service of summons by the process server. One Harold Cohn had by proper order been named to serve the summons on defendant Frances Spoor. Personal service was not required, but Cohn served a Jane Doe, a housemaid of defendant, who was held to be a member of the family. In sustaining the service of process by Cohn, the court applied the same rule of presumption of service as is applied to returns of court officers, and said (p 136): "From the facts before us we are of the opinion that the defendant Frances S. Spoor has not proven by clear and satisfactory evidence that summons was not served upon her as provided by statute or that the court did not have jurisdiction of her person at the time of the entry of said judgment . . . ," and the judgment of the Superior Court was affirmed.

Defendant argues emphatically that "the party complaining of the service by 'a private person' is not afforded the protection of a public officer with legally prescribed duties, legally prescribed oath, and solvency guarded by bond." He concedes, however, that under section 13.1 of the Municipal Court Rules, a false return by a private person or a special deputy would subject him to criminal proceedings for false swearing, and of course he could be held in contempt by the court which appointed him. Specifically it is urged

that since Crouch, the deputy sheriff of Cook County, gave bond to his superior, the sheriff of Cook County, but not to the bailiff of the Municipal Court, the deputy sheriff could not be sued on his bond for making a false return in a Municipal Court proceeding. We find two decisions dealing with this issue. In King v. Snow, 266 Ill App 462 (1932), the defendant "was summoned as 'Bernard W. Snow (formerly) Bailiff of Municipal Court.'" We held (pp 464–465) that defendant did not correctly interpret section 6, chapter 125, Cahill's Illinois Statutes, relating to sheriffs, and said (p 465):

> "That section gives a party the right to prosecute the bond of a sheriff in the name of the People of the State of Illinois for his use, but it does not take away from that party the right to sue the sheriff, the wrongdoer, alone. In the instant case the plaintiff had the undoubted right to sue the defendant, the wrongdoer, in his individual capacity, and this procedure was followed by her. A former sheriff or bailiff of the municipal court may be sued in his individual capacity after he has gone out of office. In the instant case the words in the praecipe, 'Bailiff of the Municipal Court,' are merely descriptio personae . . . ."

Earlier, in People for Use of Stubblefield v. Wochner, 244 Ill App 30 (1927), the court said (pp 34–35):

> "As far as the officer himself is concerned, his official bond does not extend the obligation imposed on him by law and he is obligated faithfully to perform his official duties just as effectually without signing any bond, unless by force of constitutional or legislative provision. Since the officer is already bound by law to perform the duties pertaining to his office, the bond is in effect

merely a collateral to his official duties. [Citing authorities.]"

In the instant case this question does not arise; the issue is whether Crouch's return is to be afforded the same presumption as if the return had been made by a deputy bailiff, and we hold that it should be.

■ On the assumption that the service of summons by Crouch and his return under oath carry with them the presumption of valid service, defendant argues that he produced clear and convincing evidence to overcome such a presumption. The evidence fails to show that defendant was not in Chicago on January 4, 1962, or that he was somewhere else. Crouch testified that he left a true and correct copy of a summons and attached statement of claim at 1752 West 63rd Street, Chicago, Illinois, defendants' restaurant, on January 4, 1962, with a man and woman who identified themselves as Anna and Anthony Michicich, and he described Anthony Michicich as he remembered him. His testimony is clear and unequivocal.

The only witnesses who testified on behalf of defendant were Anna Michicich, his wife, and Mary Clarin, a waitress employee of Mrs. Michicich. Defendant's wife said neither she nor defendant was served. However, the evidence casts doubt on her credibility. She claims that she did not know about this lawsuit until she was served with an execution on June 2, 1962. Yet, plaintiffs' attorneys produced evidence showing that notice of attorney's lien was sent out by certified mail to Anna Michicich; that counsel was retained to represent her prior to suit; and that correspondence passed between the respective attorneys relating to hospital and doctor bills as well as loss of employment on the part of plaintiffs. Her testimony is irreconcilable with the facts in the record.

The testimony of Mary Clarin, defendant's only other witness, was of a purely negative character.

246

She first testified that she did not know whether or not defendant was in Chicago for Christmas 1961. She then said that she thought he was here for the Christmas holidays that year. Finally, she changed her testimony and stated that defendant was not in Chicago over Christmas 1961. There are other disturbing inconsistencies in her testimony. She testified that defendant usually came in to eat whenever he was in town; this supposedly gives rise to the inference that since she didn't see him on the date in question he was not in town. However, when asked when defendant was last in town, she said it was at Easter time 1962. Yet, Anna Michicich testified that defendant was in town a month prior to the hearing which occurred on June 26, 1962. It is a fair inference that defendant may well have been in town without Mrs. Clarin's being aware of it.

Obviously defendant could have appeared to testify in person or could have offered depositions to deny his presence in Chicago on January 4, 1962 and to show his presence elsewhere on that date. He did not sign or verify the petition to vacate the judgment. No witness who allegedly saw or spoke to him outside Chicago on January 4, 1962 testified directly or by deposition. Defendant was employed by the Merchant Marine and, when not at sea, spent part of his time in New Orleans, his base of operation. He occasionally returned to Chicago. His employer undoubtedly had records of his employment, and it would have been a simple matter to show by the records whether he was employed on the day in question, and, if so, where, and he could have shown that he was not in Chicago on January 4, 1962. With such proof available but not produced, we think defendant failed to establish clear and convincing evidence to rebut the presumption of the return and testimony of Crouch who was appointed to serve the writ of summons; in fact we do

not believe defendant rebutted the return of service by even the preponderance of evidence.

For the reasons indicated, the order of the Municipal Court is reversed, and the cause is remanded with directions to restore the judgments entered in favor of plaintiffs.

Order reversed and cause remanded with directions.

BRYANT, J., concurs.

BURKE, P. J., specially concurs.

BURKE, P. J., specially concurring:

I agree with the opinion of the court reversing the order and remanding the cause with directions to restore the judgments in favor of the plaintiffs. There are disturbing inconsistencies in the testimony of defendant's supporting witnesses. It is strange that Anthony Michicich did not testify in person or by deposition.

Section 13.1 of the Civil Practice Act adopted by the Municipal Court of Chicago provides that the court may, in its discretion, upon motion, order service to be made by a private person over 21 years of age and that the return of the private person shall be by affidavit. It is to be observed that the private person so named is not a deputy of the sheriff, coroner, or bailiff. The return may, in a proper case, be impeached by evidence sufficient to show its falsity, but it requires clear and convincing evidence to set it aside. Floyd Crouch, although in fact a deputy sheriff, did not act in the capacity of a deputy sheriff in serving the defendants on January 4, 1962. The sheriff did not make a return "by Floyd Crouch, deputy." Crouch complied with the statute and the rule by making an affidavit of service. In this affidavit he recognizes that he is acting not as a deputy

248

sheriff but as a private person named by the court to perform that service. I am of the opinion that in weighing the evidence as to the service by a "private person" the court should give consideration to the fact that he is not a public officer performing his official duty under an official oath and bond and also that in many cases, as in the case at bar, he is named at the suggestion of the attorney for the plaintiff.