WILLIAM HARRIS et al., Plaintiffs-Appellees, v. AMERICAN LEGION JOHN T. SHELTON POST No. 838, Defendant-Appellant—(Thomas Boyd, Defendant.)

(No. 57364;

First District (1st Division)—May 21, 1973.

Miller and Concannon, of Chicago, (Joseph B. Lederleitner, of counsel,) for appellant.

Alan D. Katz and Philip Crifase, both of Chicago, for appellees.

Mr. JUSTICE HALLETT delivered the opinion of the court:

This is an appeal by an American Legion Post from the denial of its motion to quash the sheriff's return purporting to show service of summons upon it and to vacate and set aside a default judgment of $9,000 based thereon.

The suit sought recovery from the Post and one Thomas Boyd and alleged that plaintiff was seriously injured when Boyd, intoxicated as the result of liquor purchased at the Post, struck Harris on the head with a beer bottle.

The return of the sheriff's deputy certified that on April 7, 1970, he served the summons on:

"the within named American Legion, a corporation, by leaving a copy with John T. Shelton, an agent/officer of said corporation."

The defendant Boyd was never served.

On May 3, 1971, said Post was defaulted and on June 9, 1971, a judgment for $9,000 was entered in favor of William Harris and against the defendant "John Shelton American Legion Post No. 838."

On January 21, 1972, the defendant filed a special appearance and moved to quash the purported service and to vacate and set aside the judgment. On that day the motion was denied. A subsequent motion for rehearing was heard and denied on February 22, 1972, and the instant appeal is from both orders.

Affidavits in support of said motion show that John H. Shelton was a United States Army soldier who was killed in the trenches in Europe during World War I; that the John H. Shelton American Legion Post No. 838 received its charter in February of 1940 from the National Headquarters of the American Legion; and that on April 7, 1970 (the date the deputy's return shows service upon John T. Shelton), there was no one named John H. Shelton, John T. Shelton, John Shelton, or any name similar, affiliated with said Post as agent/officer, employee or member. The plaintiff filed no counter affidavits and the deputy who made the return did not appear or testify.

The affidavit of the Post's Commander also states that he first received notice of the instant law suit and *ex parte* judgment on or about December 10, 1971, when an execution was delivered to John Brown, the Post's bartender. It does appear that the trial judge mailed postcards to the Post notifying it of the default and of the entry of the *ex parte* judgment and that plaintiffs' attorney, in August of 1971, wrote a letter to the Post advising it of the June 10, 1971, judgment.

The plaintiff cites, *Mordecia v. Michicich,* 45 Ill.App.2d 238, 195 N.E.2d 441; *Hines v. Smith,* 29 Ill.App.2d 35, 172 N.E.2d 429; *Pyle v. Groth,* 15 Ill.App.2d 361, 146 N.E.2d 219; and *Marnick v. Cusack,* 317

Ill. 362, 148 N.E. 42; for the sound legal proposition that where a natural person challenges a return by a sheriff's deputy stating that he served the defendant in person such a return is "prima facie proof of service and can be overcome only by clear and convincing proof", and "should not be set aside merely upon the uncorroborated testimony of the person on whom the process has been served." It should be noted that these cases related only to attacks by natural persons against returns reflecting service upon them personally. The fifth case cited by plaintiff (*Cannata v. White Owl Express, Inc.*, 339 Ill.App. 79, 89 N.E.2d 56) involved the service of a summons upon a corporation by serving its driver but the defendant corporation conceded that he was its agent and challenged the return only on (unsound) ground that a copy of the summons was not subsequently mailed to the corporation.

■■ When, however, the deputy's return recites that he served an individual defendant, not by serving him in person, but by serving a member of his family at his usual place of abode, or where he recites that he served a corporate defendant by serving a certain person as its agent, no such presumption arises and, where such a return is challenged by affidavit and there are no counteraffidavits, the return itself is not even evidence, and, absent testimony by the deputy, the affidavits must be taken as true and the purported service of summons quashed.

In 62 Am.Jur.2d, Process, sec. 179, at page 959, it is said:

"§ 179. *As to collateral facts and facts not within knowledge of officer.*

The rule that the officer's return of process is conclusive as to parties and privies does not apply to statements or recitals of facts or matters which need not be returned,[20] nor to those facts which are not presumptively within the personal knowledge of the officer,[1] as where he must act upon information obtained from others, and hence where he is liable to be misinformed.[2] Such facts, for instance, may relate to questions concerning where "the usual place of residence" of the defendant is located,[3] whether a certain place is the residence or dwelling house of the defendant,[4] whether the person served was the agent of the defendant,[5] or whether the defendant was an agent for a corporation.[6]"

### Substituted Service on an Individual

In *Mahler v. Segel*, 333 Ill.App. 138, 76 N.E.2d 795 (1948), in affirming an order quashing the sheriff's return of service upon the defendant by leaving a copy with his daughter at his usual place of abode, etc., this court, at page 142, said:

"If the counter-affidavits do not rebut the alleged fact that the

place of service of summons was not the 'usual place of abode of the defendant,' then the affidavit of defendant is sufficient to impeach the return of the sheriff, and the ruling of the court quashing the return was correct. Where the question to be determined is whether it is the defendant's 'usual place of abode,' *the return of the sheriff upon such an issue cannot be accepted as proof of the fact. Trust Co. v. Sutherland Hotel Co.*, 389 Ill. 67, 73; *Lewis v. West Side Trust & Savings Bank*, 377 Ill. 384, 386." (Emphasis ours.)

In *Zazove v. Wilson*, 334 Ill.App. 594, 80 N.E.2d 101 (1948), in reversing an order refusing to quash a sheriff's return that he had served the defendant by serving his mother at his usual place of abode, this court, at page 598-599, said:

"* * * The burden rested upon the petitioners to establish the facts essential to valid service, denied in the affidavit supporting defendant Johnson's motion to quash the service. The statements in the sheriff's return as to Johnson's usual place of residence and being a member of the family of Mrs. Johnson, are conclusions of fact and not evidence. *Mahler v. Segel*, 333 Ill.App. 138. Petitioners having failed to show by competent evidence that Johnson did in fact reside at the home of his mother, the court erred in overruling the motion to quash. The judgment as to Johnson is reversed."

In *Chiarra v. Lemberis*, 28 Ill.App.2d 164, 171 N.E.2d 81 (1960), reversing a judgment against a garnishee where the court had denied a motion to quash the garnishment proceedings on the ground that the deputy's return that he had served the primary defendant by serving his wife at his usual place of abode was incorrect because the defendant lived elsewhere, this court at pages 171-172, said:

"* * * The return of the sheriff or bailiff on a summons cannot be lightly set aside, and it has been held that where the return is that the defendant was personally served that return cannot be impeached by the evidence of the defendant alone. *Davis v. Dresback*, 81 Ill. 393. *However, in the case of substituted service a different rule applies.* Here when the serving officer attests that the place where the summons was served was the defendant's usual place of abode he is attesting to a matter outside of his own personal knowledge. *The recital in the return that the place where the summons was served was the defendant's usual place of abode cannot be accepted as proof, nor can it be treated as evidence of the fact.* Trust Co. v. Sutherland Hotel Co., 389 Ill. 67, 73, 58 N.E.2d 860; Lewis v. West Side Trust & Sav. Bank, 377 Ill. 384,

36 N.E.2d 573. That portion of the return may be attacked by an affidavit, *and where there is in the record no counteraffidavits contradicting it such affidavit will be taken as true.* Hiram Walker Distributing Co. v. Giacone, 339 Ill.App. 279, 89 N.E.2d 748; Mahler v. Segel, 333 Ill.App. 138, 76 N.E.2d 795; Abelson v. Steffke Freight Co., 1 Ill.App.2d 461, 118 N.E.2d 26; Albers v. Bramberg, 308 Ill.App. 463, 32 N.E.2d 362. The court was in error in denying the garnishee's motion to vacate the principal judgment and that error invalidated the judgment entered in the garnishment court in favor of the plaintiff and against the garnishee." (Emphasis ours.)

### Service on a Corporation

In *Mineral Point R.R. Co. v. Keep,* 22 Ill. 9, (1859), our supreme court, at pages 16-17, said:

"We are not inclined to think the return of the officer, as to the fact of agency, when a corporation is sued, should be conclusive. Great injustice and ruin to incorporated companies might be the consequence, had the officer the undisputed power to select any person he might choose, as the agent of a company sued, and serve the process upon him. That he was the agent must be held to be a fact open to the country. An officer's return is not conclusive of all the facts stated in it, as where he returns upon a *fi. fa.,* 'money made and paid to the plaintiff,' the payment is a fact which may be contested. So in this case, the fact that J. R. Booth was the agent and Dexter the conductor, is not conclusively established by the return; it can be contested. Our statute authorizing service of process on an agent or conductor, is an innovation upon the ancient practice, and no greater force and effect should be given to it than is absolutely necessary. When a party sues an incorporated company whose president and whose place of doing business is out of the county where suit is brought, and causes his process to be served on one whom he chooses to consider the agent of the company, it is no hardship to require him to prove such person was the agent. We think, therefore, that the fact of agency could have been put in issue by plea in abatement of the writ, the defendants appearing for that purpose only. By such practice, no injustice can be done. If the issue is found against the company, and the fact of agency established, leave will always be given to plead to the merits."

In *Abelson v. Steffke,* 1 Ill.App.2d 461, 118 N.E.2d 26 (1954), in reversing an order denying a motion to vacate a default judgment where

the deputy's return recited that he had served the corporate defendant by serving "John Doe-Agent who refused to give true name", this court, at pages 463-465, said:

"\* \* \* The cases cited by plaintiff as to the conclusiveness of the return of service of process between the parties are not applicable to the facts presented on this record. The general rule is stated in 42 Am.Jur., Process, sec. 129, as follows:

'The rule that the officer's return of process is conclusive as to parties and privies does not apply to statements or recitals or facts or matters which need not be returned, or to those which are not presumptively within the personal knowledge of the officer, but upon which he must act from information obtained from others, and hence about which he was liable to be misinformed, such facts, for instance, as where "the usual place of residence" of the defendant is located, or whether the defendant was agent for a corporation.'

'This rule was adopted in Illinois as early as 1859 in *Mineral Point Railroad Co. v. Keep*, 22 Ill. 9. Keep brought an action of debt on two contracts, and for warrants drawn upon the treasurer of defendant; he also filed the common counts; service of summons was had by leaving a copy with J. R. Booth, agent, and J. W. Dexter, conductor of defendant, 'the President of said company not residing in the State.' Attachment was sued out in aid and levied upon locomotives, railroad cars, a lathe and shop of defendant, and a copy of the attachment writ left with Booth as agent of defendant. A plea in abatement to the affidavit and writ of attachment was filed. A demurrer to the plea was sustained. Defendant then moved to set aside the sheriff's return on the summons, supporting its motion by affidavits of Dexter, Booth and Johnson that Dexter and Booth were not and had not ever been agents, conductors, or in any way employees of the company. The court ruled that the testimony was inadmissible because the return could not be contradicted. On review on writ of error the Supreme Court, speaking through Mr. Justice Breese, said (p. 16):

'We are not inclined to think the return of the officer, as to the fact of agency, when a corporation is sued, should be conclusive. Great injustice and ruin to incorporated companies might be the consequence, had the officer the undisputed power to select any person he might choose, as the agent of a company sued, and serve the process upon him. That he was the agent must be held to be a fact open to the country. An officer's return is not conclusive of all the facts stated in it, as where he returns

upon a *fi. fa.*, "money made and paid to the plaintiff," the payment is a fact which may be contested. So in this case, the fact that J. R. Booth was the agent and Dexter the conductor, is not conclusively established by the return; it can be contested. * * * When a party sues an incorporated company whose president and whose place of doing business is out of the county where suit is brought, and causes his process to be served on one whom he chooses to consider the agent of the company, it is no hardship to require him to prove such person was the agent.'

This rule has never been departed from. In *Mahler v. Segel,* 333 Ill.App. 138, this court held that a return is not proof that the place of service was the 'usual place of defendant's abode,' citing with other cases, *Trust Co. of Chicago v. Sutherland Hotel Co.,* 389 Ill. 67, 73, wherein the court said: 'The statement in the sheriff's return, that Kafkie was the agent of the corporation, cannot be accepted as proof of the agency.' In *Cannon v. Time, Inc.* (C.C.A. 4th Cir.), 115 F.2d 423, the contention that the sheriff's return of service on the agent of a corporation could not be attacked, was disposed of by Mr. Justice Parker in the following language:

'Little need be said as to plaintiff's contention that the officer's return is conclusive. The statement in the return, that the person served was an agent of the defendants, was nothing more than the officer's conclusion; and the contention, that the court is bound by such conclusion on a motion to quash the return, is so manifestly unsound as not to warrant discussion. See *Earle v. McVeigh,* 91 U.S. 503, 23 L.Ed. 398; *Tignor v. Balfour & Co., supra; Bank of Bristol v. Ashworth,* 122 Va. 170, 99 S.E. 469. Many troublesome jurisdictional questions could be solved very easily if the return of the process officer were accepted as conclusive. The courts, however, may not thus abdicate the judicial function to the server of process.'"

■■ Applying these principles to the case at bar, the deputy's return that he had served the American Legion, a corporation, by leaving a copy with John T. Shelton, an agent/officer of said corporation having been challenged by affidavits establishing that the John H. Shelton, after whom the Post had been named, had been killed in World War I and that no person of any name similar was an officer, agent, employee or member, not only did not raise any presumption of valid service but did not even constitute evidence of service and when, therefore plaintiffs chose not to have him testify as to when, where and whom he served for the Post, the trial court should have taken the defendant's affidavits as

true and quashed the purported return and vacated the default judgment.

The plaintiff's contention that the Post's delay in challenging the said purported service of summons upon it somehow:

"supported and affirmed the service and return of the Sheriff, * * *."

is not sound and erroneously assumes that the Post's motion to quash and to vacate is a petition under C.P.A. 72 after valid service, which, it is not.

In *Lichter v. Scher*, 4 Ill.App.2d 37, 123 N.E.2d 161 (1954), in reversing an order striking a petition seeking to vacate a default judgment where the sheriff's return recited that he had served the defendant corporation by serving one Wakefield, its bartender, this court, at pages 41-42, said:

"Plaintiff contends that it is essential to the validity of the petition that there be a showing of diligence in moving to vacate the judgment. * * * There is, however, an important distinction between the cases he cites and the instant case. In all those cases in which relief has been denied because of a lack of diligence, service had been had on the defendant and the default related to a failure to file a pleading, to appear for trial, or in some other respect occurring after the court had acquired jurisdiction by service. To miss this distinction is to lose sight of the fact that a void judgment may be set aside at any time. Parker v. Macoy, 91 Ill.App. 313 (1900); Keeler v. People ex rel. Kern, 160 Ill. 179, 182 (1895); Ray v. Moll, 336 Ill.App. 360, 84 N.E.2d 163, 166 (1949)."

In *Chiarra v. Lemberis*, 28 Ill.App.2d 164, 171 N.E.2d 81 (1960), above discussed, this court at page 169, pointed out that:

"It is elementary law that where the court lacks jurisdiction of the subject matter or parties any judgment which it may enter is void and may be vacated at any time. The attack may be either direct or collateral, and the doctrines of laches and estoppel do not apply. Ward v. Sampson, 395 Ill. 353, 359, 70 N.E.2d 324. If the application to vacate the judgment is made to the court that rendered it within thirty days after its entry, it is a direct attack upon the judgment or decree; if made after the expiration of thirty days, it is a collateral attack. Barnard v. Michael, 392 Ill. 130, 135, 63 N.E.2d 858 * * *."

Finally in *Mabion v. Olds*, 84 Ill.App.2d 291, 228 N.E.2d 188 (1967), this court, in referring to an order vacating a default judgment some four months old based on an "abode" service, at page 295, said:

"Defendant's attack on the default order was because it was void. Consequently, we do not consider the proceedings below as a Section 72 petition * * *."

As a result we reverse the orders appealed from, quash the purported return of service, vacate the default judgment and remand the cause for further proceedings consistent with the views herein expressed.

Orders reversed, purported service quashed, default judgment vacated and cause remanded.

BURKE, P. J., and EGAN, J., concur.