Anchor Finance Corporation, Appellee, v. Bert M. Miller and Paul Joseph, Jr., Copartners, Doing Business as Jet Motor Sales, Defendants. On Appeal of Paul Joseph, Jr., Appellant.

Gen. No. 46,722.

First District, First Division.

January 9, 1956.

Rehearing denied February 1, 1956.

Released for publication February 27, 1956.

David B. Perley, and William E. Siegel, both of Chicago, for appellant.

Leonard M. Cohen, and Melvin Cohen, both of Chicago, for appellee.

PRESIDING JUSTICE FRIEND delivered the opinion of the court.

On July 10, 1953 plaintiff filed its verified complaint for judgment against the defendants Bert M. Miller and Paul Joseph, Jr., copartners doing business as Jet Motor Sales, with a malice provision, predicated on four trust receipts involving the financing of certain automobiles. On October 21, 1953 pluries summons was filed with the clerk of the court certifying substituted service on one of the defendants as follows: "I certify that I served the within writ on the Defendant, Paul Joseph, Jr., (d/b/a Jet Motor Sales) by leaving a copy of the same at his usual place of abode in my County, with Sister Joseph, a person of his family of the age of ten years or upwards and informing such person of the contents thereof on the 17th day of October, 1953; and also by sending a copy of the within writ in a sealed envelope with postage fully prepaid addressed to the said Defendant at such usual place of abode."

Thereafter, on November 19, 1954 the defendant partner Joseph filed his special appearance, and three days later he filed his verified motion to quash the writ, alleging that no service, personal or substituted, was ever made on him; and that he had no sister by the name "Joseph," nor did any sister ever reside with him at his place of abode on the date mentioned in the return.

On December 22, 1954 the court entered an order denying the motion to quash the writ and granted leave to the sheriff to amend his return by inserting "Shireen Benjamin" in place of "Joseph." On January 14, 1955 a default judgment was entered against both defendants in the sum of $5860, with special findings only as to defendant Paul Joseph, Jr., of malice as the gist of the action. Paul Joseph, Jr., appeals from the judgment with a count in malice, and also from the order denying his motion to quash the writ for lack of proper service.

The appealing defendant contends that the court had no jurisdiction of his person by reason of the alleged defective substituted service of process, and accordingly all orders and judgments entered against him are a nullity. From evidence adduced upon the hearing of defendant's motion to quash the writ it appears that Shireen Benjamin, defendant's sister, had owned a four-apartment building at 6976–78 Ridge Avenue, Chicago, Illinois, since June 1953. The defendant Joseph resided at 6976 Ridge Avenue, while his sister resided in the basement at 6978 Ridge Avenue. She received her mail at 6976 Ridge Avenue, and used that as her address whenever she wrote or signed papers. She frequently ate her meals at the Joseph apartment, where she admits receiving a copy of the summons from the deputy sheriff. Her husband Goliath Benjamin testified that he resided at 6978 Ridge Avenue but received his mail at 6976 Ridge Avenue. In August 1953 Shireen Benjamin, together with her husband,

signed a recognizance, giving their address as 6976 Ridge Avenue.

Charles J. Bulucos, who served the writ, testified that the names "Joseph" and "Benjamin" appeared on the doorbell at 6976 Ridge Avenue; that when he rang the bell, defendant's sister, Shireen Benjamin, answered and advised him that defendant was not at home, but that she was his sister; that he told her he had "a summons for him. Please see that he gets it." Bulucos then made his return and mailed a copy of the writ to 6976 Ridge Avenue. Defendant admits that he received a copy of the summons by mail.

The gravamen of defendant's argument is that service of summons on defendant's sister Shireen Benjamin did not constitute service of summons upon "some person of the family" as required by statute, and he cites three Illinois cases in support of this contention, in each of which substituted service was held defective because it was not made at the usual place of abode of defendant. No Illinois cases are cited holding that substituted service effected by leaving a copy with a near relative at defendant's usual place of abode is defective.

The legal meaning of family was set forth in the early case of Norwegian Old People's Home Society v. Wilson, 176 Ill. 94. The issue there presented was whether the married daughter of a deceased policeman was a member of his "immediate family" so as to entitle her to share in benefits accruing from a benevolent fund. The court found that a family included: (1) the whole body of persons who form one household, thus embracing servants; (2) parents with their children, whether they dwell together or not; and (3) the whole group of persons closely related by blood. It held that the general scope and purview of the statute had to be considered in each case and then concluded that the married daughter was a member of the immediate family of the deceased father. See also Liberty Nat.

Bank of Chicago v. Zimmerman, 333 Ill. App. 94, a forcible entry and detainer suit which construed the word "family," as used in an apartment lease, to include the tenant's daughter, her husband and their child, thus entitling them to move into the apartment with the tenant.

██ The meaning of the word "family" as used in section 13.2 of the Civil Practice Act (Ill. Rev. Stat. 1955, ch. 110, sec. 13.2 [Jones Ill. Stats. Ann. 104.-013(2)]) must be construed in relation to the general purpose of the provision for substituted service, which is stated in 72 C. J. S. Process § 48 (p. 1060) to be as follows : "Such statutes presuppose that such a relation of confidence exists between the person with whom the copy is left and defendant that notice will reach defendant; they assume that such person will deliver the process or copy to defendant or in some way give him notice thereof." Among other arguments, defendant asserts that the deputy sheriff failed to inform defendant's sister of the contents of the summons, and concludes that the service was therefore defective. However, the return recites that Bulucos informed defendant's sister of the contents of the paper left with her, and he testified that he told her it was a summons and directed that it be given to her brother. The only evidence presented to the contrary was the uncorroborated statement of the sister, Shireen Benjamin, that the sheriff handed her the summons without explanation, but the trial judge who had an opportunity to observe the demeanor of the witnesses, determined the issues in favor of plaintiff, and we perceive no valid reason for disturbing his finding.

██ The admitted facts are that a copy of summons was left with a sister of defendant at his residence and that he received a copy from the sheriff by mail. The family lived in adjoining apartments in the same building, and Shireen Benjamin spent considerable time in the apartment at 6976 Ridge Avenue, where defendant

resided and where the summons was served. Accordingly, we conclude that the order of the trial judge overruling defendant's motion to quash was supported by substantial evidence and should not be disturbed; also, that the judgment entered against Paul Joseph, Jr., should be and accordingly is affirmed.

Order and judgment affirmed.

BURKE and NIEMEYER, JJ., concur.