**Adolph Mandel, Appellant, v. Robert Jackman, Appellee.**

**Gen. No. 47,222.**

First District, Second Division.
March 11, 1958.
Rehearing denied April 1, 1958.
Released for publication April 10, 1958.

Jesmer and Harris, of Chicago, for appellant.

Robert J. Hourigan, of Chicago, for appellee.

JUSTICE LEWE delivered the opinion of the court.

This is a personal injury action arising out of an accident between an automobile owned by Checker Taxi Company, Inc., driven by plaintiff, Adolph Mandel, and an automobile driven by defendant, Robert Jackman.

The facts simply stated are that subsequent to the accident, three suits were commenced, all involving the same subject matter. The instant suit was filed in Circuit Court on March 17, 1955; a second suit, entitled Checker Taxi Company, Inc. v. Jackman, was filed on October 21, 1955 in Municipal Court; and a third, Jackman v. Mandel and the Checker Taxi Company, Inc., was filed in Superior Court on June 19, 1956.

On September 20, 1956, defendant having failed to enter an appearance or file an answer in the instant

suit, plaintiff obtained a default order. October 5, 1956, the court without a jury heard the evidence and found the issues for plaintiff, and entered judgment for $2,500.

February 5, 1957, defendant filed a petition supported by affidavits, praying that the judgment be vacated. Plaintiff moved to strike the petition and filed counter-affidavits, which motion was denied. After a hearing on the petition and affidavits, the relief prayed for was granted. Plaintiff·appeals.

On November 21, 1956, plaintiff, made a motion for summary judgment in the suit in Superior Court, setting out the default judgment in the instant case. Subsequently, on December 12, 1956, defendant filed his initial petition to vacate, alleging that he was not personally served with summons; that there must be some error due to mistake in the sheriff's return; and that the first notice defendant had of this suit was on November 21, 1956.

The sheriff's return in the instant suit shows that personal service was had upon defendant, March 29, 1955. At the hearing, a deputy sheriff and defendant were the only witnesses called. The deputy testified to the truthfulness and accuracy of his return, while Jackman denied that he ever received process.

At the suggestion of the court, defendant filed an amended and second amended petition on January 4, 1957 and February 5, 1957, respectively. The latter petition, in addition to renewed allegations of lack of defendant's actual knowledge of the existence of this suit, set out the fact that during the pendency of this suit, the two suits filed subsequently were pending, and involved claims arising from the same accident.

Defendant further alleges, that when he received summons in the Municipal Court suit, he turned it over to his insurance carrier; that Robert Hourigan, attorney for defendant's insurer, filed an appearance and

answer for defendant; that the Municipal Court suit has been continued several times by agreement; that while discussing the continuances, the attorneys for the Checker Taxi Company did not reveal to defendant the existence of the instant case; and that the attorneys for Checker Taxi Company or its insurer filed an answer and cross complaint for the Checker Taxi Company in the suit in Supreme Court.

The petition also alleges that these attorneys knew Hourigan was representing defendant in the Superior Court suit, which had been filed after protracted negotiations looking to settlement of defendant's claim against plaintiff and the Checker Taxi Company. The attorney who filed suit in Superior Court for defendant, in support of defendant's petition to vacate, filed an affidavit, stating, that in his conduct of negotiations with adjusters and attorneys representing Checker's insurance carrier, he was "put off" constantly with the assurance that the settlement would be negotiated shortly. A counter-affidavit stated that no further negotiations for settlement were had after January 26, 1956, when the insurance carrier informed Jackman's attorney that there was no liability.

Defendant contends, that while he does not seek to have the sheriff's return set aside, it must be concluded from the record, that since he exercised due diligence in protecting and asserting his rights in the suits in Municipal Court and Superior Court, it could only be assumed, thereby, that he would act with the same care in the instant case, and that some mistake in the return or innocent error on the part of defendant could be inferred from his failure to act. He alleges no irregularity or mistake in, or fraud in the procurement of the return signed by Deputy Ben Nigro.

██ The rule is well established in this state that the sheriff's return on a summons is prima facie proof of service, and can be overcome only by clear and con-

vincing proof. (Pyle v. Groth, 15 Ill.App.2d 361, 146 N.E.2d 219; Cannata v. White Owl Express, Inc., 339 Ill. App. 79.) In Marnik v. Cusack, 317 Ill. 362, the court said at page 364, that "The stability of judicial proceedings, however, requires, that the return of an officer made in the due course of his official duty and under the sanction of his official oath should not be set aside merely upon the uncorroborated testimony of the person on whom the process has been served, but only upon clear and satisfactory evidence." The trial court did not set aside the service, and we cannot say he should have done so in view of the rulings in the cases last cited.

■ Defendant further contends that equity and fair play in view of the course of "long dealing" between defendant's attorneys and attorneys, agents and adjusters for plaintiff and Checker and its insurance carriers, made it incumbent on plaintiff to reveal the fact that this suit was pending and that defendant had been defaulted.

In his argument, defendant relies heavily on the case of Ellman v. DeRuiter, 412 Ill. 285, to sustain his petition in the nature of coram nobis. There, plaintiff, Ellman had filed a criminal action in Municipal Court and while the suit was pending there, instituted a civil action in County Court. Defendant, surrendered the civil summons to his attorney, who due to a clerical error in his office, didn't file an appearance until the second return date. Defendant's attorney also obtained a copy of the complaint from plaintiff. At subsequent proceedings in Municipal Court, when defendant made an offer of settlement, plaintiff, having already defaulted the defendant, told him he wouldn't be ready to settle until about a month later. The next defendant heard was when his attorney called to tell him of the default judgment. Defendant immediately filed a motion to vacate. The trial court granted the motion, but

on review, it was reversed, the appellate court saying that while plaintiff's conduct was lacking in fairness, defendant's petition was not addressed to the equitable powers of the court.

The Supreme Court, in reversing, said:

"While our present Civil Practice Act has not effected a complete amalgamation of the practice and procedure in common-law and suits in equity in this jurisdiction, it is our opinion that there has been a fusion sufficient to enable a court of law, when the occasion demands it, to apply equitable principles in administering the summary relief available under the motion which has been substituted for writ of error *coram nobis*. Stated differently, it is our belief that the motion may, under our present practice, be addressed to the equitable powers of the court, when the exercise of such power is necessary to prevent injustice." (p. 292)

The court stressed the conduct of plaintiff "designed" to mislead and lull defendant, and defendant's due diligence.

While there is some similarity between the facts in the Ellman case and those in the case at bar, the differences are fatal to the petition of defendant here.

Defendant also cites Moore v. Jones, 12 Ill.App.2d 488; Paramount Paper Tube Co. v. Capital Engineering, 11 Ill.App.2d 456; Dalton v. Alexander, 10 Ill.App. 2d 273; Lichter v. Scher, 4 Ill.App.2d 37; and Tomaszewski v. George, 1 Ill.App.2d 22. We do not find the cases last cited helpful.

In Moore v. Jones, the court *held* that there was a failure to comply with Rule 11 requiring notice of motions and orders after an appearance has been filed; in the Paramount Paper Tube Co. v. Capital Engineering case, it appears that defendant filed an appearance; in Dalton v. Alexander, there was a motion to vacate

within thirty days; in Lichter v. Scher, allegations of no service and false return went uncontroverted; and in Tomaszewski v. George, the proof showed that summons was not served in compliance with the statute. None of these cases are applicable to the case at bar.

We conclude, therefore, that defendant's pleadings did not allege facts, which if known to the court at the time of the judgment, would have prevented its entry. For this reason the order allowing the second amended petition is reversed.

Reversed.

KILEY, P. J. and MURPHY, J., concur.