Susan Cumbo, Plaintiff-Appellee, *v.* Earle Cumbo, Defendant-Appellant.

(No. 56724;

First District (2nd Division)—January 30, 1973.

Martin Tiersky, of Chicago, for appellant.

Michael E. Reed, of Vedder, Price, Kaufman & Kammholz, of Chicago, for appellee.

PER CURIAM:

Susan Cumbo filed a complaint for divorce against Earle Cumbo and substituted service was had by service on Earle's 13-year-old brother, Gregory, who was at Earle Cumbo's residence on a two day visit from Jacksonville, Florida, where he resided with his parents. After a default judgment had been entered against him, defendant appeared specially to quash service of summons on the ground that Gregory was not a "person of the family" of Earle Cumbo within the meaning of Chapter 110, sec. 13.2 of the Illinois Revised Statutes. The trial court denied defendant's motion and he brought this appeal.

The question involved in this appeal is whether the "member of the family" relationship contemplated by the statute necessarily involves

some notion of permanence as to the residence at the defendant's usual place of abode by the said "member of the family."

Section 13.2 of the Civil Practice Act provides for substituted service as follows:

"Sec. 13.2

Except as otherwise expressly provided, service of summons upon an individual defendant shall be made * * * (2) by leaving a copy at his usual place of abode, with some person of the family, of the age of 10 years or upwards, and informing that person of the contents thereof, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his usual place of abode."

Plaintiff relies principally on *Anchor Finance Corp. v. Miller* (1956), 8 Ill.App.2d 326, 132 N.E.2d 81, when substituted service on defendant's sister in defendant's apartment was held valid. There, the sister and the defendant were held to be members of one family. The court found the following "admitted facts": that "the family lived in adjoining apartments in the same building" and the sister "spent considerable time" in the defendant's apartment where summons was served; and quoted from 72 C.J.S. Process, Sec. 48 (p. 1060) that "such statutes presuppose that such a relation of confidence exists between the person with whom the copy is left and defendant that notice will reach defendant."

In *Edward Hines Lumber Co. v. Smith* (1961), 29 Ill.App.2d 35, 172 N.E.2d 429, the Second Dist. Appellate Court held that where the defendant resided in a rented room in a private residence, he was a member of the family of his landlord and service of the summons on Mrs. Keough, the landlord's wife was service on a "person of the family," defining "family" as: "A collective body of persons who live in one house, and under one head or manager; a household including parents, children and servants, and, as the case may be, lodgers or boarders." 29 Ill.App.2d 35 at 41. The court added (page 43):

"The defendant was not a mere temporary guest in the Keough home, but on the contrary, the evidence shows conclusively that he was a permanent resident in the Keough home and had been for some four or five years, and we believe that for the purpose of substituted service of summons the defendant was a member of the Keough family as contemplated by Section 13.2 of the Civil Practice Act."

In *Sanchez v. Randall* (1961), 31 Ill.App.2d 41, 175 N.E.2d 645, service upon a person, Mrs. Kellogg, who rented a bedroom in defendant's

apartment, was held valid, the court stating, *inter alia* (at p. 49): "She was not a temporary guest for she for all intents and purposes permanently resided in the home of the defendant" and held (page 50) that "Mrs. Kellogg could properly be considered as a member of the family of the defendant."

Both in *Hines Lumber Co.* and in *Sanchez*, the negative inference is clear that a temporary guest in the defendant's usual place of abode is not a member of the family within the meaning of the statute. We do not think that, under the circumstances of this case, the fact that this temporary guest was related by blood to the defendant is enough to make him a member of the family for the purposes of the statute.

■■ From these cases, then it is apparent that the notion of a permanent relationship is essential to the idea of a "family" within the meaning of Section 13.2 of the Civil Practice Act. Permanent residence in the home of the person sought to be served—or some rough equivalent as was present in *Anchor Finance Corp. v. Miller, supra*— is a requirement. Although Gregory Cumbo is related by blood to the defendant here, for the purpose of substituted service he was not a member of defendant's family at the time summons was served upon him.

The judgment of the Circuit Court of Cook County is reversed and the cause is remanded with directions to quash the service of summons and the default judgment be vacated and set aside.

Reversed and remanded with directions.