FREDMAN BROS. FURNITURE CO., INC., Plaintiff-Appellant, *v.* LARRY STAMBAUGH, Defendant-Appellee.

Third District   No. 76-468

Opinion filed July 19, 1977.

Herbert I. Fredman, of Peoria, for appellant.

R. V. Laukitis, of Hamm, Hanna & O'Brien, of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

On October 10, 1974, in the Circuit Court of Fulton County, a default judgment was entered in favor of the plaintiff, Fredman Bros. Furniture Co., Inc., and against an employee of the defendant Larry Stambaugh. In an ancillary proceeding on December 27, 1974, plaintiff filed an affidavit for a wage deduction order to be served upon defendant by the Fulton County sheriff. Subsequently, a wage deduction summons was issued and returned indicating that substituted service had been accomplished by leaving the pleading in question with the wife of the defendant, Stambaugh, and by sending a copy of the wage deduction order in a sealed envelope with postage fully paid to Stambaugh at his usual place of abode, 905 East Ash Street, Canton, Illinois, as reported by his employer to be his usual place of abode. Defendant failed to respond to the interrogatories served with the wage deduction summons and accordingly the trial court entered an order of conditional judgment against him. On June 27, 1975, a summons to confirm the conditional judgment was issued and served by the Fulton County sheriff in exactly the same manner as with the prior wage deduction summons. Defendant failed to answer by the return date and the court entered an order confirming the conditional judgment in favor of plaintiff. In reliance upon that judgment, two wage deductions were filed upon Stambaugh's employer and $622.88 was ultimately withheld from his wages. Defendant filed a petition to vacate the former judgment for the reason that he was not properly served with a request to answer garnishment interrogatories. The trial court agreed with defendant's contention and vacated the judgment against Stambaugh directing plaintiff to pay over to defendant the $622.88 withheld from his wages. Plaintiff appeals from the order granting defendant's petition to vacate the judgment order entered July 22, 1975.

The issue presented for review is whether the trial court erred in vacating the judgment against defendant because of the lack of valid service of process pursuant to section 13.2 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 13.2).

The relevant facts to decide the question presented on appeal involve only the manner in which substituted service was accomplished upon the defendant. The evidence concerning the service of process was presented

in the form of testimony and affidavits. The wage deduction summons and the summons to confirm conditional judgment included the returns of the deputy sheriff, Howard Brown, and indicated both that Mrs. Stambaugh was served personally and that a copy of the summons in each case was mailed to defendant at the address of 905 East Ash Street, Canton, Illinois. In an affidavit, which appears to be uncontradicted in the record, Brown averred that the same woman he served in each instance at 905 East Ash, Canton, Illinois, identified herself as the wife of Larry Stambaugh. Brown's affidavit also recited that he checked out defendant's address with International Harvester Co., where defendant was employed, and was advised that Stambaugh had resided at 9th and Ash Streets in Canton, Illinois, for the last couple of years. The record reflects that Brown was personally aware of defendant's vehicle always being parked overnight at the 905 East Ash address and that defendant lived at those premises.

Nancy Whitmore filed an affidavit in which she admitted receiving the service of process on both occasions, and that she resided at 905 East Ash Street in Canton, Illinois, but that Stambaugh did not reside there with her. She further stated that she was not related by marriage, blood or adoption to defendant.

■■ Based upon this and other evidence in the record the trial court recited the following findings of fact in the order vacating the judgment for plaintiff:

> "3. That the court finds that the individual served by the sheriff's deputy on both aforesaid occasions, and the Defendant did reside at the same address indicated in the deputy's returns, and that said individual indicated to the sheriff's deputy on both said occasions that she was married to the Defendant but, in fact, was not related to him by marriage, blood or adoption on either of said occasions."

We agree that the record supports these findings.

We disagree, however, with the trial court's conclusion that the services upon defendant with respect to both the wage deduction summons and the summons to confirm conditional judgment were inadequate because neither defendant nor a member of his family was personally served. The Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 32.1) provides:

> "(1) Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (a) by leaving a copy thereof with the defendant personally or (b) by leaving a copy at his usual place of abode, *with some person of the family*, of the age of 13 years or upwards, and informing that person of the contents thereof, provided the officer or other person making service shall also send a copy of the summons in a sealed

envelope with postage fully prepaid, addressed to the defendant at his usual place of abode." (Emphasis added.)

The court correctly found that Nancy Whitmore, who was personally served, and the defendant lived in the house together at 905 Ash Street in Canton, Illinois, where substituted abode service was obtained. Because Ms. Whitmore was unrelated by either blood, marriage or adoption, the trial court refused to consider her within the term "family" as used in the statute. In this respect we believe the trial court erred.

■■ It is well established that the sheriff's return on a summons is prima facie proof of service and can be overcome only by clear and convincing proof. (*Mandel v. Jackman* (1st Dist. 1958), 16 Ill. App. 2d 478, 148 N.E.2d 825.) The substantial object of service of process is to notify the defendant of pending litigation. Defendant failed to rebut evidence in the record that he did receive actual notice through some means. Defendant failed to attack the sheriff's return by affidavit or otherwise to establish that his usual place of abode was somewhere other than with Ms. Nancy Whitmore at their 905 East Ash address. The case of *Harris v. American Legion John T. Shelton Post. No. 838* (1st Dist. 1973), 12 Ill. App. 3d 235, 297 N.E.2d 795, cited by defendant, involving substituted service upon a corporation, is inapplicable. Stambaugh failed to rebut the prima facie proof of service established by the sheriff's returns.

The thrust of the basic issue presented can be pinpointed to precisely what individuals can be included within the statutory language "some person of the family" consistent with the legislature's intent in providing for substituted abode service. Although the issue here, as applied to this specific set of facts, has not been resolved by Illinois courts, several cases have discussed the problem in factual contexts quite analogous to the present case. In *Sanchez v. Randall* (1st Dist. 1961), 31 Ill. App. 2d 41, 175 N.E.2d 645, substituted abode service was found to be adequate and proper where the subleasee received service of process for the landlady. The subleasee was held to be within the term "family" as intended by the statute (Ill. Rev. Stat. 1959, ch. 110, par. 13.2). The case of *Edward Hines Lumber Co. v. Smith* (2d Dist. 1961), 29 Ill. App. 2d 35, 172 N.E.2d 429, holds that a person renting a room in a private house was held to be a member of the family within the meaning of the substituted abode service statute. In the case of *Lewis v. West Side Trust & Savings Bank* (1st Dist. 1936), 286 Ill. App. 130, 2 N.E.2d 976, the court held a regular house maid fell within the meaning of family as contemplated in the statute. The common threat that winds through these cases is that previous courts were willing to include individuals not related to defendant by either blood, marriage, or adoption within the family of the defendant for purposes of substituted abode service where it is

established that the person actually served is living at the address served with the defendant with a permanent intention of remaining.

■■■ Here the defendant was found to be living with Ms. Whitmore as a live-in companion at the address where abode service was accomplished. She identified herself to the deputy sheriff on the two occasions when he served her as the wife of defendant. The affidavit of Irwin Olenick, an employee of plaintiff, established that a woman identifying herself as defendant's wife had called in reference to the instant law suit and left the defendant's phone number and the 905 East Ash Street address. Ms. Whitmore's daughter received service for defendant in another law suit and at that time identified herself as defendant's stepdaughter. The evidence is clearly sufficient to support the existence of cohabitation of defendant with Ms. Whitmore. The relationship between the two and their cohabitation at 905 East Ash Street, Canton, Illinois, is sufficient to prove Ms. Whitmore had a permanent intention of remaining and residing with defendant at their common Canton, Illinois, address. Consistent with the cases cited we believe a sufficiently permanent relationship existed between defendant and Ms. Whitmore in residing together at the same address to allow her to be included within the term "family" as contemplated by the abode service statute (Ill. Rev. Stat. 1975, ch. 110, par. 13.2) and as construed by the case law. The case of *Cumbo v. Cumbo* (1st Dist. 1973), 9 Ill. App. 3d 1056, 293 N.E.2d 694, relied upon by the defendant is not controlling. There the court held that a 13-year-old brother from out of State only temporarily visiting the defendant was not a member of the family for purposes of substituted abode service. The intent of the person served to permanently remain was not present, nor could it be inferred, in the *Cumbo* case.

For the reasons stated we believe the trial court erred in vacating the judgment against defendant on the basis that the abode service accomplished in this case was faulty. The judgment of the Circuit Court of Fulton County is accordingly reversed.

Reversed.

STENGEL, P. J., and STOUDER, J., concur.