A-Z EQUIPMENT COMPANY, Plaintiff-Appellant, *v.* KENNETH MOODY, d/b/a Ken Moody Masonry Company, Defendant-Appellee.

First District (4th Division)    No. 79-2070

Opinion filed September 4, 1980.

Law Offices of Philip S. Aimen, of Chicago (Philip S. Aimen, of counsel), for appellant.

No brief filed for appellee.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff, A-Z Equipment Company, appeals from an order of the circuit court quashing service of summons and vacating a default judgment, entered against defendant, Kenneth Moody, d/b/a Ken Moody Masonry Company. In this appeal, plaintiff contends that the service of summons on the Ken Moody Masonry Company was, in fact, valid service of process on Kenneth Moody, the real party in interest doing business as the

Ken Moody Masonry Company and that the trial court lacked jurisdiction to grant such relief since the aforesaid motion was filed in excess of 30 days after judgment. Defendant has filed no brief in this matter, but we shall consider the merits of plaintiff's position. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

On February 1, 1979, plaintiff filed suit against the Ken Moody Masonry Company in order to recover payment of rentals due on certain leased equipment and damages resulting from defendant's conversion of this equipment.[1] The summons and complaint refer to defendant only as the Ken Moody Masonry Company. Neither indicated that defendant was a corporation, partnership or sole proprietorship. The summons directed the sheriff to serve defendant at 14021 Reeves Street, Robbins, Illinois. On February 6, 1979, the deputy sheriff made the following return of service:

"I have duly served the within writ upon the within named defendant Ken Moody Masonry Co. a corporation, * * *, by leaving a copy thereof with Sec on Duty Agent RICHARD J. ELROD, Sheriff, by Leatherwood Deputy."

On February 23, 1979, an order of default based on personal service was entered against defendant for failure to appear or plead in response to the complaint. On April 4, 1979, this default order was vacated on plaintiff's motion for leave to file an amended complaint in order to amend the *ad damnum* in both counts. According to plaintiff, and as supported by the memorandum of orders contained in the record, Kenneth Moody appeared at this time in court, and defendant was given 28 days to file an answer to the complaint. Once again, defendant failed to file an appearance and answer to the complaint, and a default judgment in the amount of $2,358.80 was entered against defendant on May 23, 1979.

Subsequent to the entry of this order, it was discovered that defendant was not a corporation but a sole proprietorship, owned and operated by Kenneth Moody. On June 22, 1979, plaintiff made a motion, with notice to Kenneth Moody in care of Ken Moody Masonry Company at the above-described address, to modify and amend the judgment entered on May 23, 1979, so that it would read against "defendant, Kenneth Moody d/b/a Ken Moody Masonry Company * * *." This motion was granted by the trial court and the order, regarding this motion, states as follows:

"IT IS ORDERED that the plaintiff's motion is hereby granted, and the judgment entered on May 23, 1979 is hereby modified and amended to read as follows:

It is therefore ordered that plaintiff, A-Z Equipment Co. have and recover judgment against defendant, Kenneth Moody d/b/a Ken

---

[1] The 2 counts initially alleged damages in the amount of $3,089.67. This was later modified to $2,358.80, and judgment was later entered for this amount.

Moody Masonry Co. in the sum of $2,358.80 plus costs of suit, and that execution issue thereon forthwith."

On August 22, 1979, an execution was issued to the sheriff and a levy was then made on an automobile owned by Kenneth Moody to satisfy the judgment.

On September 13, 1979, Kenneth Moody filed a motion to quash the service of summons. This motion generally alleged that he had never been served personally. After hearing arguments, the trial court, on September 24, 1979, entered an order which quashed the service of summons and vacated the aforesaid default judgment as null and void *ab initio*.

■■ As stated above, plaintiff contends that service of summons on the Ken Moody Masonry Company, a nonexistent corporation, was valid service of process on Kenneth Moody, the real party in interest, and that the trial court lacked jurisdiction to quash the service of summons and vacate the aforesaid default judgment since defendant's motion, requesting such relief, was filed more than 30 days after judgment was entered. Since we are in agreement with plaintiff's first assertion, we shall not consider his second contention:

Section 21(2) of the Civil Practice Act states:

"Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." (Ill. Rev. Stat. 1979, ch. 110, par. 21(2).)

In addition, section 13.2(1) of the Civil Practice Act declares:

"Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (a) by leaving a copy thereof with the defendant personally or (b) by leaving a copy at his usual place of abode, with some person of the family, of the age of 13 years or upwards, and informing that person of the contents thereof, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his usual place of abode. The certificate of the officer or affidavit of the person that he has sent the copy in pursuance of this Section is evidence that he has done so." (Ill. Rev. Stat. 1979, ch. 110, par. 13.2(1).)

It is well established that where a defendant has not been served with process, the trial court has no jurisdiction to enter a judgment against him. However, where a summons is served upon defendant personally, and the circumstances are such as to indicate that he is the person intended to be sued, then he is subject to the judgment, even though the process and the judgment do not refer to him by his correct name. (*Janove v. Bacon* (1955),

6 Ill. 2d 245, 249-50, 128 N.E.2d 706.) Regarding the issue presented in this matter, our supreme court has stated:

> "Names are nothing. The gist of the matter is, were the parties in interest actually served. * * * [I]f the writ is served on a party, by a wrong name, intended to be sued, and he fails to appear and plead the misnomer in abatement, and suffers judgment to be obtained, he is concluded, and in all future litigation may be connected with the suit or judgment by proper averments; and when such averments are made and proved, the party intended to be named in the judgment is affected as though he were properly named therein." *Pond v. Ennis* (1873), 69 Ill. 341, 344-45.

In *Ingram v. MFA Insurance Co.* (1974), 18 Ill. App. 3d 560, 566-67, 309 N.E.2d 690, the service of process listed MFA Insurance Company as defendant. Defendant contended that the judgment entered against it was void because MFA Insurance Company was a nonentity in that it was merely a trade name under which several MFA companies did business. However, this court allowed plaintiff to amend the name of the party-defendants to include the aforesaid companies, noting that such amendment was not a substantive correction but a formal one.

We feel that the same result should be arrived at in the present matter. It is evident to us that Kenneth Moody was the party intended to be sued and that he was aware of the pendency of this suit from the time of service of process on the nonexistent corporation. The aforementioned complaint indicates that the party intended to be sued was doing business as the Ken Moody Masonry Company. The summons directed the sheriff to serve that company at 14021 Reeves Street, Robbins, Illinois, which as defendant avers may not only be defendant's residence, but is also the location from which he operates the company. The summons was personally served at that address to a person who described himself or herself to the sheriff as the secretary on duty for the Ken Moody Masonry Company. Further, the memorandum of orders suggests that Kenneth Moody later appeared in court and was given time to file his answer before the default of May 23, 1979, was entered.

■■ We feel it evident that this defendant was aware that Ken Moody and the Ken Moody Masonry Company were one and the same individual. Accordingly, the trial court erred when it granted defendant's motion to quash the summons and vacate the default judgment.

■■ It must also be pointed out that the fact that process was served upon the "secretary on duty" does not invalidate such service upon defendant, even if the secretary was an employee of the company other than defendant. (See, *e.g., Sanchez v. Randall* (1961), 31 Ill. App. 2d 41, 175 N.E.2d 645, where substituted abode service on a sublessee for a landlord was found to be adequate service. This court held the lessee to be a member of the

"family" within the definition contained in section 13.2 of the Civil Practice Act.) Regarding this matter, this court has stated:

> "The common threat that winds through these cases is that previous courts were willing to include individuals not related to defendant by either blood, marriage, or adoption within the family of the defendant for purposes of substituted abode service where it is established that the person actually served is living at the address served with the defendant with a permanent intention of remaining." *Fredman Bros. Furniture Co. v. Stambaugh* (1977), 50 Ill. App. 3d 595, 598-99, 367 N.E.2d 135.

The judgment of the circuit court of Cook County is therefore reversed and the cause is remanded for the re-entry of judgment and such further proceedings consistent with the views expressed herein.

Reversed and remanded.

JOHNSON and ROMITI, JJ., concur.