# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Central Mortgage Co. v. Kamarauli*, 2012 IL App (1st) 112353

| | |
|---|---|
| Appellate Court Caption | CENTRAL MORTGAGE COMPANY, Plaintiff-Appellee, v. LEVAN KAMARAULI and VALERIA MOURZAEVA, Defendants-Appellants. |
| District & No. | First District, First Division<br>Docket No. 1-11-2353 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | September 28, 2012<br><br>October 18, 2012<br>November 5, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendants' motion to quash substitute service in foreclosure proceedings was affirmed, since defendants' mother/mother-in-law accepted service, she was not required to be a resident of the premises, and the returns of service in the record established that copies of summonses were mailed individually to each defendant, regardless of defendants' contention that only one copy of the summons, addressed to both defendants, was mailed to them. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-11550; the Hon. Jean Prendergast Rooney, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Stephen Richek, of Chicago, for appellants.

Codilis & Associates, P.C., of Chicago (Louis J. Manetti, Jr., of counsel),
for appellee.

Panel

JUSTICE KARNEZIS delivered the judgment of the court, with opinion.
Presiding Justice Hoffman and Justice Rochford concurred in the
judgment and opinion.

**OPINION**

¶ 1    In this mortgage foreclosure action, defendants Levan Kamarauli and Valeria Mourzaeva appeal from orders of the circuit court denying their motion to quash service of process and their motion to reconsider that ruling, and from the order approving the sale and granting possession of their residential property to plaintiff, Central Mortgage Company. On appeal, defendants contend that the court erred when it denied their motion to quash service because abode service was not properly attained where the family member who accepted service at their home did not live in their household. Defendants further argue that service was not proper because the process server mailed only one copy of the summons and complaint in an envelope addressed to both defendants, rather than separately mailing each defendant individual copies of the summons. Defendants claim that due to the improper service, the circuit court lacked personal jurisdiction over them. We affirm.

¶ 2    Documents in the record show that in September 2008, defendants obtained a mortgage in the amount of $255,000 for the residential property located at 167 Shadow Bend Drive in Wheeling, Illinois. In March 2010, plaintiff filed a complaint against defendants in the circuit court of Cook County to foreclose on that mortgage, alleging defendants defaulted on the mortgage in March 2009.

¶ 3    Special process server Daniel Marco submitted two sworn affidavits indicating he served process on each defendant on March 24, 2010, by means of substitute service at defendants' residence. In the first affidavit, Marco stated that he served defendant Kamarauli by leaving copies of the summons and complaint at the subject address with Anna Mourzaeva, Kamarauli's mother-in-law. Marco stated that Anna resided at the address, confirmed that Kamarauli also resided there, and informed Anna of the contents of the documents. In addition, Marco averred that he mailed a copy of the process in a sealed envelope addressed to Kamarauli at the subject address on March 29, 2010. The second affidavit was substantially the same as the first, substituting Mourzaeva's name as the defendant. Again, Marco stated that he left a copy of the process with Mourzaeva's mother, Anna, and that he mailed a copy of the documents in a sealed envelope addressed to Mourzaeva at the subject

address.

¶ 4    On August 26, 2010, the circuit court entered an order finding defendants in default. The court also entered a judgment for foreclosure and sale of the subject property. The property was sold to plaintiff on October 27, 2010. Plaintiff subsequently filed a motion for an order approving the sale of the property and for possession.

¶ 5    On January 7, 2011, defendants entered their appearance in this case together with a motion to quash service. In their motion, defendants argued that service for them on Anna Mourzaeva was not proper because, although Anna was their mother/mother-in-law, she was not a member of their household, as required by section 2-203 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-203 (West 2010)). Defendants attached four affidavits to their motion to quash, one from each defendant, one from Anna, and one from Alexander Murzaev, Anna's husband. Each affiant averred that Anna was not a member of defendants' household and did not live at the subject address but, rather, lived in Gurnee, Illinois, with her husband. The defendants also swore that they were never served with the summons and complaint in this case.

¶ 6    In response to defendants' motion to quash, plaintiff argued that defendants' uncorroborated, self-serving affidavits did not overcome the presumption that plaintiff's affidavits of service were valid. Plaintiff argued that the process server's return of service was *prima facie* proof that the service was valid. Plaintiff pointed out that Anna had confirmed that she resided at the subject property. Attached to plaintiff's response was a supplemental affidavit of service from process server Marco. Therein, Marco stated that when he served process on Anna at the subject address, she informed him that she was Mourzaeva's mother and Kamarauli's mother-in-law, and that she resided at the property. Marco further stated that Anna signed his field notes indicating that she received the copies of the summons and complaint, and confirming that she resided at the subject property. In addition, Marco stated that he mailed a copy of the summons and complaint in a sealed envelope "addressed to Levan Kamarauli and Valerie Mourzaeva" at the subject address. Marco attached a copy of his field notes to his affidavit. On the bottom of Marco's field notes is Anna Mourzaeva's signature directly above a statement that reads "I acknowledge receipt of these papers and confirm that I reside at this household."

¶ 7    In their reply to plaintiff's response, defendants maintained that Anna was not a member of their household. Defendants also noted that in the supplemental affidavit, Marco stated that he mailed them "a copy" of the summons and complaint. Defendants argued that because there were two defendants, Marco was required to mail two copies, and his affidavit shows that he did not comply with that requirement.

¶ 8    On March 30, 2011, the circuit court denied defendants' motion to quash service. The order merely states the motion was denied and does not state the court's reasons for its ruling.

¶ 9    Defendants filed a motion to reconsider arguing that, even if the court believed service on Anna was proper, the process server failed to comply with the mailing requirement of section 2-203 of the Code because his affidavit shows he mailed only one copy of the summons to the defendants, rather than a separate copy to each defendant. The circuit court

denied defendants' motion to reconsider, again without stating its rationale in the written order.

¶ 10    On April 8, 2011, plaintiff refiled its motion for an order approving the report of sale and distribution of the subject property, and an order for possession. Defendants subsequently filed a "Response to Motion to Confirm In the Nature of a Motion to Quash." Therein, they solely asserted that service against one of them must be quashed because the process server mailed only one copy of the summons and complaint. Plaintiff submitted a reply arguing that defendants' response was improper because they raised the same issue previously presented in their motion to quash and motion to reconsider, effectively making their response a second motion to reconsider the denial of their motion to quash. Plaintiff further argued that Marco's original affidavits of service demonstrated that he mailed separate copies of the summons and complaint to each defendant. Attached to its reply, plaintiff submitted an amended supplemental affidavit of service from Marco. Therein, Marco stated in separate paragraphs that on March 29, 2010, he mailed a copy of the summons and complaint in a sealed envelope to Kamarauli at the subject address, and mailed a copy of the summons and complaint in a sealed envelope to Mourzaeva at the subject address.

¶ 11    On August 4, 2011, the circuit court entered an order approving the report of sale and distribution, confirming the sale of the subject property, and entering an order for possession in favor of plaintiff. Defendants now appeal.

¶ 12    As a threshold matter, we note that plaintiff asserts in its brief that defendants waived their challenge to personal jurisdiction on appeal by participating in court proceedings after the circuit court denied their motion to quash service and motion to reconsider that ruling. See 735 ILCS 5/2-301(c) (West 2010) (an error in the court's ruling on jurisdiction is waived when the objecting party takes part in further proceedings unless the objection was that the party was not amenable to process issued by a court of this state). Plaintiff claims that defendants appeared in court on June 9, 2011, and requested a briefing schedule on plaintiff's motion to confirm the sale. The only record before this court is the common law record. We have no report of proceedings for any of the court dates in this case. There is a scheduling order in the record which was entered by the court on June 9, 2011. This order is a preprinted form that appears to have been completed by plaintiff's attorney. Nothing in the record before this court indicates that defendants appeared in court on that date or that they requested this schedule. Approximately a month later, defendants submitted their "Response to Motion to Confirm in the Nature of a Motion to Quash," solely maintaining that service against one of them must be quashed. Based on this record, we cannot say defendants waived their objection to personal jurisdiction.

¶ 13    Defendants first contend that the circuit court erred when it denied their motion to quash service because abode service was not properly attained. Defendants acknowledge that Anna Mourzaeva, their mother/mother-in-law, accepted service at their residence. Regardless, they argue such service was insufficient because Anna did not reside in their home. Defendants claim the service of process statute requires that substitute service be made on a member of the household. Defendants argue that their affidavits establish that Anna lives with her husband in Gurnee, Illinois, which contradicts Marco's field notes, where her signature indicated she resided in the household. Defendants further assert that the circuit court's

-4-

ruling incorrectly implies that Anna's status as a family member was sufficient to confer service and that it was irrelevant that she did not live in their household.

¶ 14    Plaintiff argues that service was properly obtained here because, under the plain language of the statute, abode service is attained by leaving a copy of the summons and complaint with a family member "or" a person residing in the household. Plaintiff asserts that the statute was amended in 1993 to make family members and household members two separate categories.

¶ 15    The issue presented here requires this court to construe the language contained in section 2-203(a) of the Code (735 ILCS 5/2-203(a) (West 2010)) and determine whether a family member must reside in the defendant's household in order to accept service of process. The interpretation of a statute is a question of law, which we review *de novo*. *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 50.

¶ 16    The primary objective of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Gaffney*, 2012 IL 110012, ¶ 56. The most reliable indicator of the legislature's intent is the language of the statute, given its plain and ordinary meaning. *Gaffney*, 2012 IL 110012, ¶ 56. When the language of the statute is clear and unambiguous, it must be applied as written, without resort to extrinsic aids of statutory construction. *Gaffney*, 2012 IL 110012, ¶ 56. This court will construe the statute to avoid rendering any part of it meaningless or superfluous. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440-41 (2010). We will not depart from the plain language of the statute by reading into it limitations, exceptions, or conditions that conflict with the expressed intent of the legislature. *Gaffney*, 2012 IL 110012, ¶ 56. In addition, we may consider the consequences that would result from construing the statute one way or another, presuming the legislature did not intend absurd, inconvenient or unjust consequences. *Solon*, 236 Ill. 2d at 441.

¶ 17    Section 2-203(a) of the Code provides the procedure required to attain abode, or substitute, service:

> "[S]ervice of summons upon an individual defendant shall be made *** by leaving a copy at the defendant's usual place of abode, *with some person of the family or a person residing there*, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode ***." (Emphasis added.) 735 ILCS 5/2-203(a) (West 2010).

This version of the statute became effective on January 1, 1994. At that time, the phrase "or a person residing there" was added to the statute. Prior to that, the statute provided, in relevant part, that a copy of the summons should be left "at the defendant's usual place of abode, with some person of the family, of the age of 13 years or upwards." 735 ILCS 5/2-203(a) (West 1992).

¶ 18    The word "or" is a disjunctive conjunction. "Generally, use of the disjunctive indicates alternatives and requires separate treatment of those alternatives, hence a clause *following* a disjunctive is considered inapplicable to the subject matter of the *preceding* clause." (Emphases in original.) (Internal quotation marks omitted.) *In re E.B.*, 231 Ill. 2d 459, 468 (2008).

¶ 19     This court has previously held that substitute service was properly attained where the process server left a copy of the summons at the defendant's apartment with the defendant's sister, who lived with her husband in an adjoining apartment in the same building. *Anchor Finance Corp. v. Miller*, 8 Ill. App. 2d 326 (1956). This court found that the defendant's sister met the statutory requirement of being " 'some person of the family.' " *Miller*, 8 Ill. App. 3d at 329. In so doing, this court specifically noted that our supreme court had long ago defined the legal meaning of "family" to include "(1) the whole body of persons who form one household, thus embracing servants; (2) *parents with their children, whether they dwell together or not*; and (3) the whole group of persons closely related by blood." (Emphasis added.) *Miller*, 8 Ill. App. 2d at 329 (citing *Norwegian Old People's Home Society v. Wilson*, 176 Ill. 94 (1898)).

¶ 20     The *Miller* court explained that the meaning of the word "family" as used in the statute "must be construed in relation to the general purpose of the provision for substituted service." *Miller*, 8 Ill. App. 2d at 330. The court then identified that purpose as follows: " 'Such statutes presuppose that such a relation of confidence exists between the person with whom the copy is left and defendant that notice will reach defendant; they assume that such person will deliver the process or copy to defendant or in some way give him notice thereof.' " *Miller*, 8 Ill. App. 2d at 330 (quoting 72 C.J.S. *Process* § 48).

¶ 21     Applying these rules of statutory interpretation, we find that when giving the language of section 2-203(a) of the Code its plain and ordinary meaning, a defendant's family member is not required to reside in the defendant's household in order to accept service of process for substitute service. The language of the statute expressly states that the process server must leave a copy of the summons at the defendant's usual residence "with some person of the family *or* a person residing there, of the age of 13 years or upwards." (Emphasis added.) 735 ILCS 5/2-203(a) (West 2010). Thus, the process server can leave the summons with *either* a family member *or* a person who lives in the household. There is no requirement that the family member reside in the defendant's household to accept the summons. If we were to construe the statute otherwise, and require the family member to live in the household, then we would render the phrase "or a person residing there" meaningless and superfluous.

¶ 22     When the legislature amended the statute by adding the phrase "or a person residing there," it created two separate categories of people who can accept substitute service–members of the defendant's family, and people who reside in the defendant's household. The amendment codified prior holdings where this court found that people sharing a household with the defendant could be considered "family" members for the purpose of the substitute service statute, even though they were not related by blood. See, *e.g.*, *Fredman Bros. Furniture Co. v. Stambaugh*, 50 Ill. App. 3d 595, 599 (1977) (defendant's live-in companion held to be a member of his "family" as contemplated by the abode service statute); *Sanchez v. Randall*, 31 Ill. App. 2d 41, 50 (1961) (a woman renting a bedroom in the defendant's apartment found to be a member of his "family"); *Edward Hines Lumber Co. v. Smith*, 29 Ill. App. 2d 35, 41 (1961) (defendant who rented a room in a private residence found to be a member of his landlord's "family").

¶ 23     Here, defendants cite to three cases from the 1970s which held that a person accepting service must live in the defendant's household to be considered "some person of the family."

See *Fredman Bros. Furniture Co. v. Stambaugh*, 50 Ill. App. 3d 595 (1977); *Geldermann & Co. v. Dussault*, 384 F. Supp. 566 (N.D. Ill. 1974); *Cumbo v. Cumbo*, 9 Ill. App. 3d 1056 (1973). We find these cases unpersuasive as they were all decided prior to the amendment of the statute that created the two separate categories of people who could accept substitute service.

¶ 24　　In this case, we find that substitute service was sufficiently attained. Defendants acknowledge that Anna Mourzaeva, their mother/mother-in-law, accepted service at their residence. Anna is a member of the defendants' family. The statute does not require that Anna reside in the defendants' household. By virtue of the family relationship and Anna's presence in defendants' home, it is presumed that she gave the summons and complaint to defendants, thereby accomplishing the statute's purpose of giving the defendants notice of the foreclosure action. *Miller*, 8 Ill. App. 2d at 330. Accordingly, the circuit court's denial of defendants' motion to quash service was proper.

¶ 25　　Defendants next contend that substitute service was not properly attained here because the process server mailed only one copy of the summons and complaint in an envelope addressed to both defendants, rather than separately mailing each defendant individual copies of the summons. In support of their allegation, defendants quote process server Daniel Marco's supplemental affidavit of service, which states "I mailed a copy of the summons and complaint in a sealed envelope, with postage prepaid and addressed to Levan Kamarauli and Valeri[a] Mourzaeva at 167 Shadow Bend Drive, Wheeling, Illinois 60090." Defendants assert that Marco's "own words make it clear" that he mailed only one envelope rather than one envelope to each defendant as required by section 2-203 of the Code. Defendants acknowledge that Marco subsequently filed an amended supplemental affidavit in which he stated that he mailed one copy to each defendant. They argue, however, that the circuit court should have quashed service as to one of the defendants based on Marco's original supplemental affidavit before the amended affidavit was filed.

¶ 26　　When the circuit court denies a motion to quash service of process based solely on the documentary evidence presented and does not hold an evidentiary hearing, our review on appeal is *de novo. U.S. Bank, N.A. v. Dzis*, 2011 IL App (1st) 102812, ¶ 13.

¶ 27　　As quoted above, for substitute service, in addition to leaving a copy of the summons at the defendant's home, section 2-203(a) of the Code requires the process server to also mail a copy of the summons in a sealed envelope addressed to the defendant at his or her usual place of abode. 735 ILCS 5/2-203(a) (West 2010). Section 2-203(a) further states that "[t]he certificate of the officer or affidavit of the person that he or she has sent the copy in pursuance of this Section is evidence that he or she has done so." 735 ILCS 5/2-203(a) (West 2010).

¶ 28　　Where defendants are served by means of substitute service, the process server's return of service must demonstrate strict compliance with every requirement in section 2-203(a) as the presumption of validity that attaches to a return for personal service does not apply in cases of substitute service. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 309 (1986). To determine whether the circuit court had personal jurisdiction over the defendants, we must consider the whole record, including the pleadings and the return of service. *Thill*, 113

Ill. 2d at 313. The process server's return is *prima facie* evidence of service that cannot be set aside based upon an uncorroborated affidavit from the person served. *Nibco, Inc. v. Johnson*, 98 Ill. 2d 166, 172 (1983). The return can only be set aside by clear and satisfactory evidence. *Nibco*, 98 Ill. 2d at 172. This rule applies, however, only to matters that are within the knowledge of the process server, such as the fact that service was made, his actions involved in doing so, where service was made, and who accepted the service. *Nibco*, 98 Ill. 2d at 172.

¶ 29    Here, we find that the returns of service contained in the record clearly establish that copies of the summons were mailed individually to each of the defendants. Special process server Daniel Marco submitted two separate sworn affidavits attesting to the fact that he attained substitute service on defendants. The first affidavit states that Marco delivered a summons and complaint to Levan Kamarauli at 167 Shadow Bend Drive in Wheeling, Illinois, 60090, via substitute service by leaving a copy at defendant's abode, and that he "further mailed a copy of this process in a sealed envelope with postage paid addressed to the defendant at his/her usual place of abode on 03/29/2010." The second affidavit is substantially the same as the first, substituting Valeria Mourzaeva's name as the defendant.

¶ 30    Pursuant to section 2-203(a), Marco's affidavits expressly stating that he mailed a copy of the service to each defendant are *prima facie* evidence that he did so. Marco's act of mailing a copy of the service to each defendant individually was a matter within his own knowledge. Thus, Marco's affidavits of service could only be set aside by clear and satisfactory evidence. Here, defendants presented no evidence whatsoever to challenge Marco's service returns. Instead, defendants pointed to language Marco used in a subsequent supplemental affidavit and claimed he only mailed one copy addressed to both of them. This accusation is nothing more than pure speculation by defendants. As such, defendants' challenge was insufficient to set aside Marco's original sworn affidavits of service. Accordingly, the circuit court's denial of defendants' motion to quash service and their motion to reconsider that ruling were proper.

¶ 31    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 32    Affirmed.